# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JOAN V. BAYLEY; PHILIP N. BAYLEY, individually and in his capacity as Trustee of FRIHET TRUST; and BIG D'S BEACH CABIN, LLC,

        Defendants.

No. 3:20-cv-5867

**COMPLAINT**

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under Clean Water Act ("CWA" or "the Act") Section 309(b) and (d), 33 U.S.C. § 1319(b) and (d). The United States seeks injunctive relief and civil penalties against Defendants Joan V. Bayley, Philip N. Bayley, individually and in his capacity as Trustee of Frihet Trust, and Big D's Beach Cabin, LLC, for violating CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging dredged or fill material into waters of the United States including the Hood Canal on property then owned by Big D's Beach Cabin, LLC, on East State Route 106, Union, Washington (Mason County parcel 32235-32-00020) (the "Site"),

UNITED STATES'
COMPLAINT No. 3:20-cv-5867

Page 1

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

without a permit issued under CWA Section 404, 33 U.S.C. § 1344, and for engaging in subsequent transactions to evade responsibility for such discharges.

2. In this action the United States seeks to require Defendants to: (1) restore and provide mitigation for injuries to the affected waters of the United States at their own expense and under the direction of EPA and/or the United States Army Corps of Engineers, and (2) pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the United States District Court for the Western District of Washington under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the subject property is located in this District and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Washington in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff is the United States of America.  The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Big D's Beach Cabin, LLC, was at all times relevant to the Complaint a limited liability company registered in the state of Washington.  It was formed on May 19, 2017.  Its annual report filed with the Washington Secretary of State lists its principal address as 8791 East State Route 106, Union, Washington.  It was the owner of the Site at the time of the unauthorized activities.

8. Joan V. Bayley, whose principal address is 10142 Sentinel Loop, Gig Harbor, Washington, was at all times relevant to the Complaint a member or governor of Big D's Beach Cabin, LLC.  Joan V. Bayley is the mother of Philip N. Bayley.

UNITED STATES' COMPLAINT  
No. 20-5867

Page 2

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044  
(206) 639-5544

9. Philip N. Bayley, whose principal address is 8791 East State Route 106, Union, Washington, at all times relevant to the Complaint, was a member or governor of Big D's Beach Cabin, LLC.

10. Frihet Trust is the current owner of the Site. Philip N. Bayley is the trustee.

11. Upon information and belief, at all times relevant to the Complaint, one or more of the Defendants owned and/or controlled the Site and/or controlled the activities that occurred on the Site.

## STATUTORY BACKGROUND

12. The CWA's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

13. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33 U.S.C. §§ 1342 or 1344.

14. CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites, after notice and opportunity for public comment.

15. CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

16. CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand, cellar dirt, and garbage.

17. CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

18. 33 C.F.R. § 328.3(a)(1) and 40 C.F.R. § 232.2 (2014), in effect at all relevant times, define "waters of the United States" to include "[a]ll waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide."

UNITED STATES' COMPLAINT
No. 20-5867

Page 3

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

19. Federal regulatory jurisdiction over a non-wetland "water of the United States" extends to the "high tide line," defined as a "the line of intersection of the land with the water's surface at the maximum height reached by a rising tide."  33 C.F.R. §§ 328.3(d), 328.4(b)(1).

20. CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

21. CWA Section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

22. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a).

23. In an action brought under CWA Section 309(b), 33 U.S.C. § 1319(b), Section CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the district court to impose civil penalties against any person who violates CWA Section 301(a).

## GENERAL ALLEGATIONS

24. The Site includes shoreline along Hood Canal, which is part of Puget Sound.

25. Puget Sound, including Hood Canal, is a traditional navigable water that is navigable-in-fact, and has been and is used in interstate and foreign commerce.

26. Puget Sound, including Hood Canal, is subject to the ebb and flow of the tide.

## FIRST CLAIM FOR RELIEF:
## UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL IN 2017
## (33 U.S.C. § 1311(a))

27. The United States repeats and realleges the allegations in Paragraphs 1 through 26.

28. Between July and August 2017, Defendants, or persons acting on their behalf, used heavy earthmoving equipment, such as an excavator and trucks, to remove old bulkhead material and to construct a vertical concrete bulkhead in Hood Canal below the high tide line without a CWA Section 404 permit from the United States Army Corps of Engineers.

UNITED STATES' COMPLAINT
No. 20-5867

Page 4

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

29. Through the activities described in paragraph 28, Defendants, and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, discharged, made the decision to discharge, and/or directed the discharge of dredged or fill material along the shoreline and below the high tide line of Hood Canal.

30. The dredged or fill material included, among other things, dirt, spoil, rock, sand, and concrete, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6).

31. The excavator and trucks that Defendants, and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, used, made the decision to use, and/or directed to be used to discharge the dredged or fill material at the Site constitute "point sources" as defined in CWA Section 502(14), 33 U.S.C. § 1362(14).

32. No Defendant obtained a permit from the U.S. Army Corps of Engineers for the discharges of dredged or fill material at the Site, in violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

33. The discharges of dredged or fill material at the Site violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

34. Defendants used the corporate form of Big D's Beach Cabin, LLC, to evade their duty to comply with the Clean Water Act and to remedy all violations of the Act.

35. Defendants engaged in intentional conduct that caused violations of the Clean Water Act to improve property in which Defendants had or now have a direct or indirect interest.

36. On or before May 11, 2017, Defendant Philip Bayley contracted with an engineering firm to design a bulkhead to be located on the Site.

37. Defendant Philip Bayley informed the engineering firm that they intended to build a house ten feet back from the bulkhead.

38. Defendants Joan Bayley and Philip Bayley formed Big D's Beach Cabin, LLC, and registered it with the Washington Secretary of State on May 19, 2017.

39. On or about June 5, 2017, the engineering firm provided plans for the bulkhead to Defendant Philip Bayley.

UNITED STATES' COMPLAINT
No. 20-5867

Page 5

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

40. On or about June 13, 2017, Defendant Big D's Beach Cabin, LLC, purchased the Site for $90,000 and recorded the deed by which it obtained title to the Site with the Mason County Auditor.

41. On July 29, 2017, Defendant Philip Bayley signed a contract with South Sound Concrete Construction for construction of a new bulkhead on the Site.

42. On information and belief, on July 29, 2017, and subsequently, Big D's Beach Cabin, LLC, had insufficient assets to pay for the construction of a new bulkhead.

43. Defendants Joan Bayley and Philip Bayley paid some expenses incurred in constructing the bulkhead from their personal accounts.

44. On or about August 1, 2017, construction of the bulkhead began.

45. On August 11, 2017 and subsequently, the U.S. Army Corps of Engineers notified Defendants that construction of the bulkhead without first obtaining a CWA section 404 permit is a violation of the CWA.

46. On August 17, 2017, U.S. Army Corps of Engineers ordered that work on the bulkhead stop.

47. On July 26, 2018, EPA sent a Notice of Violation informing Defendants that construction of the bulkhead violated the CWA.

48. On December 13, 2019, Defendants Joan Bayley and Philip Bayley disbursed the assets of Big D's Beach Cabin, LLC, without making provisions for the payment of creditors of Big D's Beach Cabin, LLC, or for its liabilities for violating the Clean Water Act.

49. The violations of the Clean Water Act caused ongoing injury to the aquatic environment of the Hood Canal.

50. Holding all Defendants individually liable for the violations of the Clean Water Act is necessary to prevent further injuries to the Hood Canal.

51. Each day that the dredged or fill material remains in the waters at the Site constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

52. Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the Debt

UNITED STATES' COMPLAINT
No. 20-5867

Page 6

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendants are liable for a civil penalty of up to $55,800 per day for each violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

53. Unless this Court compels Defendants to restore the affected waters to their pre-fill condition, Defendants are likely to allow dredged or fill material to remain in the Hood Canal in violation of CWA Section 301, 33 U.S.C. § 1311.

## SECOND CLAIM FOR RELIEF:
## FRAUDULENT/VOIDABLE TRANSFER OF TITLE TO THE SITE
## (28 U.S.C. § 3304 and RCW 19.40.081)

54. The United States repeats and realleges the allegations in Paragraphs 1 through 53.

55. On or about December 13, 2019, Defendants Joan V. Bayley and Philip N. Bayley signed a quitclaim deed conveying Defendant Big D's Beach Cabin, LLC's interest in the Site to Defendant Joan V. Bayley. The deed was recorded in the Mason County Assessor's office on January 22, 2020.

56. In exchange for the transfer described in paragraph 55, Defendant Big D's Beach Cabin, LLC, received no payment of cash or property from Defendant Joan V. Bayley. At the time the transfer was made, the value of the real property transferred was not less than $105,205. Thus, Defendant Big D's Beach Cabin, LLC, did not receive reasonably equivalent value in exchange for the land.

57. On or about December 13, 2019, Defendant Joan V. Bayley signed a quitclaim deed conveying her interest in the Site to Defendant Philip N. Bayley, Trustee of the Frihet Trust. The deed was recorded in the Mason County Assessor's office on January 22, 2020.

58. In exchange for the transfer described in paragraph 57, Defendant Joan V. Bayley, received no payment of cash or property from Defendant Philip N. Bayley, Trustee of the Frihet Trust. At the time the transfer was made, the value of the real property transferred was not less than $105,205. Thus, Defendant Joan V. Bayley did not receive reasonably equivalent value in exchange for the land.

UNITED STATES' COMPLAINT
No. 20-5867

Page 7

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

59. Prior to December 13, 2019, EPA and the U.S. Army Corps of Engineers gave Defendants notice of the violations of the Clean Water Act on the Site, and EPA requested that the violations be remedied or the United States would initiate an enforcement action.

60. Defendants Joan V. Bayley, Philip N. Bayley, and Big D's Beach Cabin, LLC, engaged in the transfers on December 13, 2019, with intent to hinder, delay, or defraud creditors, including the United States, to protect and preserve the real property for Defendants' own use and benefit, and to prevent and hinder the United States from seeking restoration of the Site and recovering other relief prescribed by the Clean Water Act for unpermitted discharges of dredged and fill material.

61. Defendant Big D's Beach Cabin, LLC, was insolvent or became insolvent as a result of the transfer and does not have any property, other than the real property conveyed, out of which it can satisfy its obligations under the Clean Water Act.

### THIRD CLAIM FOR RELIEF:
### WRONGFUL DISTRIBUTION OF ASSETS
### (31 U.S.C. § 3713 and RCW 25.15.305)

62. The United States repeats and realleges the allegations in Paragraphs 1 through 61.

63. On information and belief, Defendant Big D's Beach Cabin, LLC, was dissolved on December 13, 2019.

64. Defendants Joan V. Bayley and Philip N. Bayley distributed the assets of Defendant Big D's Beach Cabin, LLC, without paying or providing for payment of claims and obligations resulting from violations of the Clean Water Act at the Site.

65. Defendants Joan V. Bayley and Philip N. Bayley paid obligations of Defendant Big D's Beach Cabin, LLC, before paying or providing for payment of claims of the United States resulting from violations of the Clean Water Act at the Site.

66. Upon distribution of the assets of Defendant Big D's Beach Cabin, LLC, it was insolvent.

UNITED STATES' COMPLAINT
No. 20-5867

Page 8

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

67. At the time of distribution of the assets of Defendant Big D's Beach Cabin, LLC Defendants had knowledge or notice of the United States' claims for violations of the Clean Water Act.

## FOURTH CLAIM FOR RELIEF:
## UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL IN 2020
## (33 U.S.C. § 1311(a))

68. The United States repeats and realleges the allegations in Paragraphs 1 through 26.

69. On information and belief, on or about August 11 2020, Defendant Philip Bayley, individually and as trustee of Frihet Trust, or persons acting on behalf Philip Bayley and Frihet Trust, used equipment to discharge concrete and other fill material in Hood Canal below the high tide line, without a CWA Section 404 permit from the United States Army Corps of Engineers, to construct a stairway adjacent to vertical concrete bulkhead constructed in 2017.

70. On information and belief, on or about August 19, 2020, Defendant Philip Bayley, individually and as trustee of Frihet Trust, or persons acting on behalf Philip Bayley and Frihet Trust, used equipment to discharge fill material below the high tide line of Hood Canal, without a CWA Section 404 permit from the United States Army Corps of Engineers, to fill the shoreline behind the concrete bulkhead constructed in 2017.

71. Through the activities described in paragraphs 69 and 70, Defendant Philip Bayley and Frihet Trust and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, discharged, made the decision to discharge, and/or directed the discharge of dredged or fill material along the shoreline and below the high tide line of Hood Canal.

72. The dredged or fill material included, among other things, dirt, spoil, rock, sand, and concrete, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6).

73. The equipment that Defendant Philip Bayley and Frihet Trust and/or persons acting on their behalf, at their direction, or with their consent and/or knowledge, used, made the

UNITED STATES' COMPLAINT  
No. 20-5867

Page 9

U.S. Department of Justice  
Environmental Defense Section  
P.O. Box 7611  
Washington, D.C. 20044  
(206) 639-5544

1 decision to use, and/or directed to be used to discharge the dredged or fill material at the Site
2 constitute "point sources" as defined in CWA Section 502(14), 33 U.S.C. § 1362(14).

3     74. No Defendant obtained a permit from the U.S. Army Corps of Engineers for the
4 discharges of dredged or fill material at the Site, in violation of CWA Section 301(a), 33 U.S.C.
5 § 1311(a).

6     75. The discharges of dredged or fill material at the Site violated and continue to
7 violate CWA Section 301(a), 33 U.S.C. § 1311(a).

8     76. The discharges of fill material violated a stop-work order issued the U.S. Army
9 Corps of Engineers on August 17, 2017.

10     77. The violations of the Clean Water Act caused ongoing injury to the aquatic
11 environment of the Hood Canal.

12     78. Holding Defendant Philip Bayley liable for the violations of the Clean Water Act,
13 both individually and as trustee of Frihet Trust, is necessary to prevent further injuries to the
14 Hood Canal.

15     79. Each day that the dredged or fill material remains in the waters at the Site
16 constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

17     80. Under CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the Debt
18 Collection Improvement Act of 1996, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, Defendant Philip
19 Bayley is liable, individually and as trustee of the Frihet Trust, for a civil penalty of up to
20 $55,800 per day for each violation of CWA Section 301(a), 33 U.S.C. § 1311(a).
21 Unless this Court compels Defendant Philip Bayley individually and as trustee of the Frihet Trust
22 to restore the affected waters to their pre-fill condition, Defendants are likely to allow dredged or
23 fill material to remain in the Hood Canal in violation of CWA Section 301, 33 U.S.C. § 1311.

24 **PRAYER FOR RELIEF**

25 WHEREFORE, Plaintiff, the United States of America, respectfully requests that this
26 Court order the following relief:

27     I. Permanently enjoin Defendants from discharging dredged or fill material or other
28 pollutants to any water of the United States except in compliance with a CWA permit;

UNITED STATES' COMPLAINT
No. 20-5867

Page 10

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

II. Order Defendants to undertake measures to completely restore the waters of the United States at the Site to their pre-fill condition at Defendants' own expense and under the direction of EPA and/or the United States Army Corps of Engineers, and to provide mitigation for injuries to such waters;

III. Order Defendants to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), per day for each violation of CWA Section 301(a);

IV. Award the United States costs and disbursements, including expert witness fees, incurred in this action; and

V. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Kent E. Hanson*
KENT E. HANSON
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
206-638-5544
Kent.Hanson@usdoj.gov

UNITED STATES' COMPLAINT
No. 20-5867

Page 11

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544