UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-cv-05867-DGE |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| JOAN V. BAYLEY, PHILIP N. BAYLEY, individually and in his capacity as Trustee of Frihet Trust, and BIG D'S BEACH CABIN LLC, | |
| Defendants. | |

## I.      INTRODUCTION

This matter comes before the Court on Defendants' Motion for Reconsideration.  (Dkt. No. 106.)  Defendants argue that in its Order Denying Defendants' Motion to Dismiss, the Court failed to properly interpret a provision of the Clean Water Act (CWA).  Defendants claim that had the Court interpreted the statute as they suggest, it would deprive Plaintiff of standing to file

suit under the CWA.  For the reasons stated herein, the Court DENIES Defendants' Motion for Reconsideration.

## II.    BACKGROUND

Defendants filed a Motion to Dismiss on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Dkt. Nos. 10, 34.)  On January 10, 2022, the Court denied Defendants' Motion to Dismiss.  (Dkt. No. 104.)  Defendants filed a timely Motion for Reconsideration on January 19, 2022 (Dkt. No. 106), to which Plaintiff responded pursuant to Local Civil Rule 7(h)(3) (Dkt. No. 117).

Defendants argue that reconsideration is warranted because the Court failed to properly interpret 33 U.S.C. § 1323(a) and, therefore, incorrectly determined that Plaintiff has standing to bring suit against Defendants for allegedly violating the CWA.  (Dkt. No. 106 at 1-2.)  The statute at issue states in relevant part:

> Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants … shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution … to the same extent as any nongovernmental entity[.]

33 U.S.C. § 1323(a).

Defendants argue that "the phrase 'having jurisdiction over any property' clearly applies to the lot Defendant Bayley was attempting to protect with a replacement bulkhead.  It also applies to Plaintiff's claim or jurisdiction over its property, the water that ebbs and flows, near Defendants' property."  (Dkt. No. 106 at 2.)   As a result, Defendants claim Plaintiff was required to participate in the Mason County permitting process relating to Mr. Bayley's bulkhead construction project and, by not timely filing an objection with Mason County, Plaintiff

1   effectively waived standing to sue Defendants for failing to obtain a Section 404 permit from the

2   Army Corps of Engineers.  (*Id.* at 3.)

## III.    DISCUSSION

4        Local Civil Rule 7(h)(1) provides:

5        Motions for reconsideration are disfavored.  The court will ordinarily deny such
         motions in the absence of a showing of manifest error in the prior ruling or a
6        showing of new facts or legal authority which could not have been brought to its
         attention earlier with reasonable diligence.

7
         The Court finds that Defendants have failed to establish a manifest error in the prior
8
    ruling, especially because Defendants raised this argument in their initial motion, which the
9
    Court adequately addressed in its order denying Defendants' Motion to Dismiss.  (*See* Dkt. Nos.
10
    10 at 4-7; 104 at 7-8.)  Thus, Defendants' Motion for Reconsideration should be denied.
11
    Nevertheless, the Court explains its reasoning for denying Defendants' Motion to Dismiss below.
12
         Contrary to Defendants' assertion, 33 U.S.C. § 1323(a) does not limit Plaintiff's standing
13
    to file an enforcement action for alleged CWA violations.  The relevant statutory history
14
    supports this conclusion.  In 1977, Congress amended the CWA, resulting in the current text of
15
    33 U.S.C. § 1323(a).  *See* Clean Water Act of 1977, Pub. L. No. 95-217, sec. 313, § 60, 91 Stat.
16
    1566 (1977).  As Plaintiff states, "Congress amended this [CWA] provision to address
17
    circumstances in which the federal government itself was acting as a potential discharger of
18
    pollutants at facilities that it owns or operates."  (Dkt. No. 117 at 2.)  Accordingly, subsection (a)
19
    of 33 U.S.C. § 1323 is entitled "Compliance with pollution control requirement by Federal
20
    entities."
21
         Prior to the 1977 amendment, federal entities were exempted from state standards and
22
    pollution control requirements due to the Supreme Court case *EPA v. California ex rel. State*
23
    *Water Resources Control Board*, 426 U.S. 200, 227 (1976), which held that federal facilities
24

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1    were not subject to the permitting requirements under the Federal Water Pollution Control Act

2    Amendments of 1972.  "Congress plainly disenchanted with this pronouncement, the following

3    year enacted 33 U.S.C. § 1323(a) as part of the CWA," which clearly evidenced Congress's

4    intent to require that federal entities comply with permitting requirements.  *United States v. Com.*

5    *of Puerto Rico*, 721 F.2d 832, 834 (1st Cir. 1983).

6         In essence, 33 U.S.C. § 1323(a) operates as a limited waiver of sovereign immunity.

7    Such a waiver is required because "where Congress does not affirmatively declare its

8    instrumentalities or property subject to regulation, the federal function must be left free from

9    regulation."  *Hancock v. Train*, 426 U.S. 167, 179 (1979).  Thus, the CWA was "amended to

10   indicate unequivocally that a*ll Federal facilities and activities are subject to all of the provisions*

11   *of State and local pollution laws*."  *Kelley v. United States*, 618 F. Supp. 1103, 1107 (W.D. Mich.

12   1985) (quoting S. Rep. No. 95-370, 95th Cong., 1st Sess. 67, *reprinted in* 1977 U.S. Code Cong.

13   & Ad. News 4326, 4392) (emphasis added); *see also City of Olmstead Falls v. U.S. E.P.A.*, 233

14   F. Supp. 2d 890, 897 (N.D. Ohio 2002) ("On its face, [33 U.S.C. § 1323(a)] acts to waive

15   sovereign immunity only where an arm of the federal government is an alleged

16   polluter. …  There is no indication in the statute that Congress intended to waive sovereign

17   immunity with respect to agency enforcement decisions over third parties[.]")  Defendants seek

18   to overextend this limited waiver of sovereign immunity in applying it to Plaintiff's enforcement

19   power, which misconstrues the text and purpose of 33 U.S.C. § 1323(a).

20        As explained by the First Circuit Court in *Commonwealth of Puerto Rico*, 33 U.S.C. §

21   1323(a) does not impliedly abridge the jurisdiction of the district courts over enforcement actions

22   commenced by United States' agencies.  721 F.3d at 840.  Notably, the First Circuit Court

23   rejected Puerto Rico's argument that "33 U.S.C. § 1323(a) impliedly repeals 28 U.S.C. § 1345

24

1    by virtue of its command that all federal facilities must adhere to state procedural

2    requirements[.]"  *Id.* at 835-36.  It then held that the requirements imposed by 33 U.S.C. §

3    1323(a) did not conflict with 28 U.S.C. § 1345, which provides United States district courts

4    jurisdiction over all civil actions, suits or proceedings commenced by the United States expressly

5    authorized to sue by Act of Congress.  *Id.* at 840.  Similarly, it follows that in this case, 33

6    U.S.C. § 1323(a) does not impliedly repeal Plaintiff's enforcement power to bring a civil action

7    in United States district court for violations of the CWA under 33 U.S.C. § 1319(b).

8            Defendants appear to argue that Plaintiff has assumed jurisdiction over Defendants'

9    private property by alleging that the discharges at issue occurred in the waters of the United

10   States and because the Army Corps of Engineers issued a stop work order to Defendants.  (Dkt.

11   No. 106 at 2.)  However, Defendants fail to provide any legal support for their overbroad

12   interpretation of jurisdiction with respect to 33 U.S.C. § 1323(a).  (*See generally id.*)  Further,

13   Defendants' interpretation does not comport with the legislative history and case law restricting

14   33 U.S.C. § 1323(a) to federal properties, facilities, and activities.  *See, e.g., Colorado Wild, Inc.*

15   *v. U.S. Forest Serv.*, 122 F. Supp. 2d 1190, 1194-95 (D. Colo. 2000) ("[33 U.S.C. § 1323] merely

16   ensures that the federal government's 'property or facility' or 'activity resulting … in the

17   discharge … of pollutants' comply with water pollution regulations just as any

18   'nongovernmental entity'") (quoting 33 U.S.C. § 1323).

19           Defendants' remaining arguments are likewise unavailing.  Defendants cite to other

20   provisions of the CWA to argue that, to maintain standing to bring a CWA enforcement action

21   against Defendants, "a paradigm of cooperative federalism" required Plaintiff to have objected to

22   Mason County's determination that Mr. Bayley's proposed bulkhead repair did not have a

23   probable significant adverse impact on the environment.  However, Defendants do not provide

24

any support for their contention that these CWA provisions impose limits or contingencies on Plaintiff's standing to bring an action against Defendants in district court for allegedly violating the CWA by failing to obtain a Section 404 permit from the Army Corps of Engineers.  Thus, Defendants' argument is without merit.

Finally, Plaintiff is not required to exhaust administrative remedies under the Washington Land Use Petition Act (LUPA) before bringing a CWA enforcement action and LUPA's administrative exhaustion requirement is expressly limited to actions brough under LUPA.  *See* Wash. Rev. Code § 36.70C.060(2)(d).

Defendants' request for attorneys' fees pursuant to the Equal Access to Justice Act (Dkt. No. 106 at 6) is denied because Defendants' do not prevail on their Motion for Reconsideration.

## IV.   CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. No. 106) is DENIED.

Dated this 14th day of March, 2022.

David G. Estudillo
United States District Judge