UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br><br>JOAN V. BAYLEY, et al.,<br><br>    Defendants. | CASE NO. 3:20-cv-05867-DGE<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff's Motions to Compel (Dkt. Nos. 58, 110), and Defendants' Motion for a Protective Order (Dkt. No 92).    For the reasons stated herein, the Court GRANTS Plaintiff's Motions to Compel (Dkt. Nos. 58, 110) and DENIES Defendants' Motion to Stay Discovery (Dkt. No. 92).[1]  Defendants are ORDERED to respond fully to Plaintiff's discovery requests as set forth herein.

---

[1] Defendants requested oral argument in their Motion for a Protective Order (Dkt. No. 92 at 1), reply brief (Dkt. No. 103 at 1), and response to Plaintiff's Second Motion to Compel (Dkt. No.

## II. BACKGROUND

This case arises from Plaintiff United States' allegation that Defendants violated the Clean Water Act (CWA) during the replacement of their residential bulkhead[2] on the shore of the Hood Canal. (Dkt. No. 1 at 1-2.) Plaintiff also claims that Defendants subsequently completed a fraudulent/voidable transfer of property and wrongful distribution of assets, to evade paying CWA civil penalties. (*Id.*) Defendants are Mr. Philip Bayley, individually and in his capacity as Trustee of Frihet Trust, Ms. Joan Bayley, and Big D's Beach Cabin, LLC ("Big D's"). At all times relevant to Plaintiff's Complaint, one or more of Defendants owned or controlled the residential property on which the bulkhead was replaced. (Dkt. No. 1 at 3.)

In April 2021, Plaintiff served its first set of interrogatories. (Dkt. No. 26-1 at 1.) Shortly thereafter, in May 2021, Plaintiff served Mr. Bayley, Ms. Bayley, and Big D's with its requests for production. (*Id.*) Defendants filed a Motion to Stay Discovery, which the Court denied. (Dkt. No. 44 at 2.) Indeed, the Court held that the discovery at issue "[was] not overly burdensome nor over-broad" and ordered Defendants to fully respond to Plaintiff's pending discovery requests within ten days. (*Id.*) Defendants provided responses to Plaintiff's discovery requests in which they withheld answers and documents. (*See* Dkt. No. 58-1 at 21-31, 57-75.) On September 1, 2021, Plaintiff filed a Motion to Compel Defendants to respond to their discovery requests per the Court's order issued August 5, 2021. (Dkt. No. 58 at 1.) Defendants

---

111 at 1). However, the Court determines that oral argument would not be helpful to the Court's disposition of these motions and denies Defendants' requests. *See* LCR 7(b)(4).

[2] A bulkhead is "a stone, wood, or concrete structure designed to resist pressure or shut off water, fire, or gas; esp.: the retaining wall along a waterfront." (Dkt. No. 13 at 2 n.2) (citing to Webster's Third New Int'l Dictionary (1993) at 293). A bulkhead is typically vertical or nearly vertical to the earth.

opposed the Motion to Compel.  (Dkt. No. 61.)  To date, Defendants have not fully responded to Plaintiff's first set of interrogatories and requests for production.  (Dkt. No. 110 at 2 n.2.)

In November 2021, Plaintiff served Defendants with its second set of interrogatories and requests for production.  (Dkt. No. 92 at 2.)  Defendants filed a Motion for a Protective Order (Dkt. No. 92), which Plaintiff opposed (Dkt. No. 101).  Defendants have not responded to Plaintiff's second set of interrogatories and requests for production, leading Plaintiff to file its Second Motion to Compel.  (Dkt. No. 110 at 1.)  Plaintiff's Motions to Compel and Defendants' Motion for a Protective Order are fully briefed and ripe for consideration.

## III.    DISCUSSION

### A. Discovery Standards

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible at trial to be discoverable.  *Id.*

Federal Rule of Civil Procedure 37(a)(1) provides that, in part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Western District of Washington Local Civil Rule 37(a) requires parties "meet and confer" by making a "good faith" effort to reach an agreement including through a "face-to-face meeting or a telephone conference."  LCR 37(a).

Further, under Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, issue a protective order for a party from whom discovery is sought to shield "a party or person

ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 3

from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Like motions to compel discovery, motions for a protective order "must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action." LCR 26(c)(1).

Plaintiff's telephone calls with Defendants' counsel before filing its Motions to Compel satisfy the meet-and-confer requirement. (Dkt. Nos. 58 at 1 n.2; 110 at 2 n.1.) Although Defendants provide no certification, Plaintiff's counsel confirms that she conferred with Defendants' counsel by phone regarding Defendants' Motion for a Protective Order prior to its filing. (Dkt. No. 102 at 2.) Therefore, Defendants also satisfy the meet-and-confer requirement. Accordingly, the Court considers the parties' discovery motions on the merits.

**B. Plaintiff's Motion to Compel Compliance with the Court's August 5, 2021 Order**

Plaintiff claims that Defendants have failed to comply with the Court's August 5, 2021 order to fully respond to Plaintiff's first set of interrogatories and requests for production.

> (1) Ms. Bayley and Big D's have not provided any answers to [Plaintiff's] interrogatories; (2) Mr. Bayley, Ms. Bayley, and Big D's have refused to respond to dozens of [Plaintiff's] discovery requests, purportedly due to a typographical error in the definition of the term 'Site'; (3) Mr. Bayley and Ms. Bayley have refused to produce financial documents necessary to determine their ability to pay a civil penalty; (4) Big D's and Mr. Bayley refused to provide documents relating to [Plaintiff's] fraudulent/voidable transfer and wrongful distribution of assets claims; and (5) Mr. Bayley has failed to provide records of payment relating to engineering of the new bulkhead.

(Dkt. No. 58 at 2.) Plaintiff "requests that this Court compel Defendants' compliance with its [August 5, 2021] Order and grant any further relief that it may deem appropriate pursuant to Federal Rule of Civil Procedure 37." (Dkt. No. 58 at 2.)

   1. <u>Plaintiff's First Set of Interrogatories and Requests for Production Are Not Overly Broad nor Burdensome</u>

Defendants raise as a blanket objection that all of Plaintiff's requests for production are overly broad. (*See* Dkt. No. 58-1 at 57, 63, 70.) Defendants' blanket objection for Mr. Bayley, Ms. Bayley, and Big D's is the same.

> Each and every one of these requests for production command production of 'all documents.' Such all-encompassing requests are overbroad should be denied, in whole or in part.[3]

(*Id.*)

Notwithstanding Defendants' claim, the Court has already held Plaintiff's requests were not overly broad in its order denying Defendants' motion to stay discovery. (Dkt. No. 44 at 2) ("The discovery is not overly burdensome nor over-broad"). Furthermore, Defendants' objection is based on Plaintiff's use of the term "all documents," without providing any other basis as to why Plaintiff's requests are over broad or particularly burdensome. Plaintiff's requests for "all documents" are permissibly phrased as they ensure all discoverable material is provided. *See, e.g., Baykeeper v. Kramer Metals, Inc.*, No. CV 07-3849 DDP (FMOx), 2009 WL 10671577, at *6 (C.D. Cal. Feb. 27, 2009) ("[P]laintiff's requests do no more than provide a broad definition of the term 'documents.' This is permissible in order to [ensure] that all discoverable material is

---

[3] In addition to their objection that Plaintiff's requests are over broad, Defendants also raise the following:

> Additionally, the Plaintiff lacks standing to even request and demand discovery given a myriad of issues currently and to be raised by Defendants that are fatal to its complaint, especially when the Court only need to confirm one as being valid to dismiss its complaint. The Plaintiff has filed a frivolous and meritless complaint in a dishonorable attempt to circumvent the Defendant's 4th Amendment rights. Most of its questions lack any relevancy as it cannot even establish liability.

(Dkt. No. 58-1 at 57-58, 63-64, 70-71.) These objections are without merit. The Court has confirmed Plaintiff's standing in this matter. (*See* Dkt. No. 104 at 7.) Further, the Court has also denied Defendants' motions to dismiss. (Dkt. Nos. 104, 108.) Lastly, the Court finds Plaintiff's discovery requests relevant. *See infra*, Part III, Section B, 4-5.

ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 5

provided."). Accordingly, the Court overrules Defendants' objections that Plaintiff's requests for production are overly broad.

        2. <u>Plaintiff Properly Served Interrogatories Upon Ms. Bayley and Big D's</u>

Plaintiff requests that the Court order Ms. Bayley and Big D's to answer Plaintiff's first set of interrogatories. Ms. Bayley and Big D's have not answered any interrogatories, claiming that they were not properly served because "Plaintiff cannot show Defendants' counsel agreed to only email delivery." (Dkt. No. 61 at 4.) On the contrary, Plaintiff provides a copy of an email exchange between John Spencer, counsel for Defendants, and Kent Hanson, former counsel for Plaintiff, in which Defendants accept service via email of all papers to be served on attorneys under the Federal Rules of Civil Procedure. (Dkt. No. 70-1 at 2.) Thus, Plaintiff's interrogatories were properly served upon Ms. Bayley and Big D's, and Defendants' failure to answer is unwarranted. Accordingly, Defendants must answer Ms. Bayley's interrogatories one through twelve (Dkt. No. 58-1 at 9-13) and Big D's interrogatories one through 13 (Dkt. No. 58-1 at 15-19).

        3. <u>Plaintiff's Typographical Error Is Insignificant</u>

Plaintiff requests the Court order Defendants to respond to all discovery requests containing the term "Site," which Defendants have characterized as "not applicable" due to a typographical error. (Dkt. No. 58 at 3-4.) The interrogatories and requests for production at issue are Mr. Bayley's interrogatories number 2, 3, 5, 6, and 10 (Dkt. No. 58-1 at 30-31); Mr. Bayley's requests for production number 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 25, and 28 (Dkt. No. 58-1 at 58-60); Ms. Bayley's requests for production number 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 35, 36 (Dkt. No. 58-1 at 64-67); and Big D's requests for production number 1, 2, 3, 4, 5, 9, 10, 11, 13, 14, 17, 20, 28, 29 (Dkt. No. 58-1 at 71-74).

In Plaintiff's discovery requests, it refers to the property bordering the Hood Canal as the "Site," which it defines as having "the same meaning as the term defined in the Complaint in this lawsuit and includes **Morgan County** parcel number 32235-32-00020, located on East State Route 106, Union, Washington." (Dkt. No. 58-1 at 4, 11, 17, 35, 43, 51) (emphasis added). The Complaint states "[Defendants violated the CWA] by discharging dredged or fill material into waters of the United States including the Hood Canal on property then owned by Big D's Beach Cabin, LLC, on East State Route 106, Union, Washington (**Mason County** parcel 32235-32-00020) (the 'Site')."  (Dkt. No. 1 at 1) (emphasis added).

Defendants appear to argue that by writing Morgan County instead of Mason County, Plaintiff intentionally confused Defendants.

> [Plaintiff] intentionally chose to clarify its referenced definition in the complaint to 'Morgan County' or/and refer to a parcel residing in both Mason and Morgan County, to which is factually an impossibility or/and create confusion, possibly a perjury trap, in each of its six (6) discovery requests and entrap the Defendants, especially considering there was ample time for it to correct its 'error' as it is now claiming.

(Dkt. No. 61 at 4-5.)

In his Declaration, Philip Bayley stated,

> I did not have nor do I now have any idea where is located the property identified [in Plaintiff's discovery requests] as including Morgan County parcel number 32235-32-0020. To honestly answer questions relating to a site in Morgan County I searched on the internet for where Morgan County is located to no success.

(Dkt. No. 62 at 2.)

Defendants' claim is without merit.  There is no Morgan County in the state of Washington to which Plaintiff could have plausibly referred. This, combined with the fact that Mason County is listed in the Complaint and the address included the location and parcel number, makes it clear that Plaintiff's error did not prevent Defendants from fully responding.

Instead, Defendants appear to intentionally misconstrued Plaintiff's discovery requests by refusing to acknowledge the plain meaning of the term "Site." Indeed, before filing its Motion to Compel, Plaintiff conferred with Defendants and clarified the typographical error in the definition of "Site." (Dkt. No. 69 at 3.) Therefore, Defendants' must respond to all discovery requests containing the term "Site" and any other term for which the definition includes the word "Site."[4]

4. <u>Mr. and Ms. Bayley's Financial Documents are Discoverable Because They Are Not Privileged and They Are Relevant to Plaintiff's Claims</u>

Plaintiff moves to compel Mr. and Ms. Bayley to produce the financial documents requested. The requests for production at issue are the same for Mr. and Ms. Bayley.

**Requests for Production No. 6**: All federal income tax returns and associated schedules, attachments, statements, and worksheets submitted to the Internal Revenue Service by or on behalf of You since January 1, 2016. (Dkt. No. 58-1 at 36, 44.)

**Response**: Public policy against unnecessary public disclosure arises from the need if the tax laws are to function properly to encourage taxpayers to file complete and accurate returns. … In the Western District of Washington, Federal tax returns may be ordered produced only upon a show of relevance to the issues in the case and compelling need for such documents. … The requested documents are also privileged and protected by the United States 4th Amendment protecting documents. (Dkt. No. 58-1 at 58, 64.)

**Request for Production No. 7**: All financial statements (audited and unaudited) and other Documents showing Your financial condition prepared by or on behalf of You since January 1, 2016, including but not limited to balance sheets; income statements; cash flow statements; notes; auditor opinions; financial summaries; financial compilations; descriptions of annual revenue; costs and expenses; description of assets (including their origin, date of transfer, original owner, and fair market value); description of liabilities; loan applications; and statements for

---

[4] Plaintiff argues "Defendants' failure to meet their discovery obligations, especially in the face of a Court order specifying that they must fully respond to the United States' requests, is the type of defiance that warrants relief under Rule 37." (Dkt. No. 69 at 3.) However, Plaintiff does not specify the type of relief sought. At this time, the Court declines to impose relief under Federal Rule of Civil Procedure 37.

bank accounts, investment accounts, retirement accounts, credit accounts, and loans. (Dkt. No. 58-1 at 36-37, 44.)

**Response**: Privileged and protected by United States 4th Amendment protecting documents. … (Dkt. No. 58-1 at 59, 65.)

**Request for Production No. 8**: All Documents Concerning transfers since January 1, 2016, of anything of value between You and one or more of Your relatives or entities in which you had an interest, including but not limited to Documents showing: (a) the amount or value of transfers; (b) reasons for and nature of the transfers (e.g., common stock dividend, officer compensation, loan forgiveness); and (c) recipient of transfers. A transfer of anything of value includes but is not limited to dividends; bonuses; perquisites; cancellation; forgiveness or deferral of loans; compensation of an officer, director; or employee beyond his or her standard salary or wage; and any property interest. (Dkt. No. 58-1 at 37, 45.)

**Philip Bayley's Response**: I gave Joan Bayley my distribution in Bayley Family Hood Canal, LLC at [the] time of its dissolution to repay partial money I owe her. Its minority non-discounted value was roughly $9,300. Maybe my bankruptcy discloses some of this like balance sheet, income statement, cash flow.

**Joan Bayley's Response:** See quit claim deed referenced in Exhibit K of Laura Glickan Declaration to Plaintiff's motion for summary judgment. Philip Bayley gave me his distribution in Bayley Family Hood Canal, LLC at time of its dissolution to repay partial money owed to me. Its minority non-discounted value was roughly $9,300. Privileged and protected by United States 4th Amendment protecting documents. (Dkt. No. 58-1 at 65.)

**Request for Production No. 16**: All loan applications submitted by You to any bank or other lender. (Dkt. No. 58-1 at 37, 45.)

**Response**: Privileged and protected by United States 4th Amendment protecting documents. … (Dkt. No. 58-1 at 59-60, 65-66.)

Defendants fail to properly assert privilege. In the Ninth Circuit, "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Here, Defendants claim the documents are privileged, but do not provide a basis for their assertion or a privilege log. The Court is unaware,

ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 9

and Defendants do not provide, legal authority that extends blanket protection for all tax returns and financial documents sought in discovery.

Defendants' tax returns and other financial documents are relevant because civil penalties under the CWA are, in part, based on a defendant's ability to pay. *See* 33 U.S.C. § 1319(d) ("In determining the amount of civil penalty the court shall consider … the economic impact of the penalty on the violator[.]"). Thus, district courts have held plaintiffs entitled to discover financial information. *See, e.g., Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-cv-1207-GEB-AC, 2014 WL 5093398, at *6 (E.D. Cal. Oct. 9, 2014); *Baykeeper*, 2009 WL 10671577, at *2; *Friends of Maha'ulepu, Inc. v. Haw. Dairy Farms, LLC*, No. 15-00205 LEK-KJM, 2016 WL 6917283, at *4 (D. Haw. Sept. 2, 2016).

Defendants argue that discovery of financial documentation "runs contrary to the majority rule in the United States courts that discovery of an opponent's financial ability to pay damages (or a penalty) is irrelevant to the determination of liability." (Dkt. No. 61 at 7.) However, the cases cited by Defendants do not involve the CWA; instead, they address discovery related to a defendant's ability to satisfy a judgment, not the determination of a penalty itself. *See, e.g., Sierrapine v. Refiner Prod. Mfg.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011). Thus, CWA cases are distinguishable.

Defendants also argue against discovery by pointing to alleged deficiencies in Plaintiff's allegations against Mr. and Ms. Bayley. Specifically, Defendants argue that Plaintiff failed to allege that Ms. Bayley meets the definition of a liable person under the CWA and cannot state a claim against Mr. Bayley because any such claim would have been discharged in Mr. Bayley's bankruptcy proceedings and barred by judicial estoppel. (Dkt. No. 61 at 9.) However, the Court does not consider these arguments because they go to the merits of Plaintiff's claim. An

1  argument that a plaintiff has failed to allege facts sufficient to state a claim is properly made in a

2  motion to dismiss, not in opposition to a motion to compel.  *See e.g., Cal. Sportfishing Prot. All.*,

3  2014 WL 5093398, at *6.  Similarly, Defendants argue that no civil penalty is warranted because

4  the environment was positively impacted by the bulkhead replacement.  (Dkt. No. 61 at 9-10.)

5  However, because the appropriate civil penalty against Defendants is determined later in the

6  proceedings, these arguments are not applicable at this time.

7  Therefore, Defendants' arguments against discovery of Mr. and Ms. Bayley's financial

8  documents are unavailing.  Mr. and Ms. Bayley must fully respond to Plaintiff's requests for

9  production numbers 6, 7, 8, and 16.

   5. <u>Plaintiff's Requests for Production Are Relevant to its Fraudulent/Voidable Transfer and Wrongful Distribution of Assets Claims</u>

   Plaintiff moves to compel Big D's and Mr. Bayley to provide documents related to its

claim for fraudulent/voidable transfer of title and wrongful distribution of assets. (Dkt. No. 58 at

5.)  Below are the relevant requests for production propounded upon Big D's.

> **Request for Production No. 19**: All Documents Concerning any disbursements from Big D's Beach Cabin, LLC.
>
> **Response**: Disbursements besides land and an account under Philip Bayley's name DBA Big D's Beach Cabin, LLC and Big D's Beach Cabin, LLC's petty cash jar … [.]
>
> **Request for Production No. 21**: Bank statements for all accounts owned or controlled by Big D's Beach Cabin, LLC since January 1, 2017.
>
> **Response**: Not applicable to Defendant as bank account was in Philip's name, DBA Big D's Beach Cabin, LLC.

In addition, below are the requests for production propounded upon Philip Bayley, to which Mr.

Bayley responded, "Not applicable to Defendant." (Dkt. No. 58-1 at 59-60.)

> **Request for Production No. 15**: All Documents Concerning the interest at any time of any Person in Frihet Trust.

**Request for Production No. 19**: All Documents Concerning any assets, including the amount or nature of such assets, held by Frihet Trust since its formation to the present.

**Request for Production No. 20**: The Trust Agreement and all amendments thereto for Frihet Trust.

**Request for Production No. 21**: All Documents Concerning any disbursements from Frihet Trust.

**Request for Production No. 27**: All bank statements for all accounts owned or controlled by Frihet Trust since January 1, 2017.

Defendants argue that the above requests for production run afoul of *Sierrapine*, however, these requests do not relate to Defendants' ability to satisfy a judgment, and thus, *Sierrapine* does not apply. (*See supra*, Part III, Section B. 4.) Further, Defendants claim that Plaintiff fails to "address that judicial estoppel bars their [fraudulent/voidable transfer and wrongful distribution] claims." (Dkt. No. 61 at 11.) As previously stated, a response to a motion to compel is not the appropriate filing to argue the merit of Plaintiff's claims. Hence, the Court does not currently consider Defendants' judicial estoppel argument. Accordingly, Big D's must fully respond to Plaintiff's requests for production 19 and 21 and Philip Bayley must fully respond to requests for production numbers 15, 19, 20, 21, and 27.

6. <u>Mr. Bayley Must Respond Fully to Plaintiff's Request for Production of Payment Records for the Engineering Relating to the Bulkhead Construction</u>

Plaintiff argues that Mr. Bayley failed to provide records of payment to engineering firm MCSquared relating to bulkhead construction, because neither Mr. Bayley nor his counsel claims to have conducted a reasonable and diligent search for such records.

**Request for Production No. 22**: All checks and other records of payment for the MCSquared invoice submitted to You and dated June 6, 2017.

**Response:** MC Square was likely paid with my credit card and reimbursed from petty cash glass jar of Big D's Beach Cabin, LLC.

The Court agrees, based on his limited response, Mr. Bayley has not demonstrated he conducted a reasonable and diligent search for payment records. Therefore, Mr. Bayley must fully respond to Plaintiff's request for production number 22.

### C. Defendants' Motion for a Protective Order Relating to Plaintiff's Second Set of Interrogatories and Requests for Production

Defendants move the Court "for a protective order barring or limiting plaintiff's second set of requests for production, and limiting [D]efendants' responses as requested herein." (Dkt. No. 92 at 1) (citing Fed. R. Civ. P. 26(c)(1)(A), (D), (G)). Specifically, Defendants seek protection from responding to the second set of requests for productions numbers 1 and 2 to Philip Bayley, as well as Plaintiff's second set of interrogatories to Philip and Joan Bayley.

> **Request for Production No. 1**: All Documents Concerning the application for and/or receipt of a Tax Identification Number for Frihet Trust from the U.S. Internal Revenue Service.
>
> **Request for Production No. 2**: All federal income tax returns and associated schedules, attachments, statements, and worksheets, and any other Written Communications and Documents submitted to the U.S. Internal Revenue Service by or on behalf of Frihet Trust since January 1, 2017. (Dkt. No. 110-1 at 5.)
>
> **Interrogatory No. 1**: For all partnerships and corporations, including limited liability companies, for which You possess or have possessed an ownership interest at any time between January 1, 2015, and the present, state: (a) the name of the partnership or corporation, (b) the date of formation or incorporation, and (c) the names of any other Persons that possess or have possessed an ownership interest in the partnership or corporation. (Dkt. No. 110-3 at 5.)

Defendants raise multiple arguments urging the Court to forbid or stay discovery of documents relating to Frihet Trust. However, Defendants fail to demonstrate that the documents are irrelevant or privileged, nor do Defendants present good cause for staying discovery under Federal Rule of Civil Procedure 26(c).

    1. As Trustee, Mr. Bayley Has Control Over Frihet Trust's Tax Documents

Defendants argue that Plaintiff's request for Frihet Trust's tax documentation because Frihet Trust is not a party to this action, and Federal Rule of Civil Procedure 34 restricts discovery to parties. (Dkt. No. 92 at 4) (citing Fed. R. Civ. P. 34(a)) ("A party may serve on any other party a request within the scope of Rule 26(b)"). However, Defendants' argument misconstrues the discovery at issue. Plaintiff served its second set of interrogatories and requests for production upon Mr. Bayley, in his capacity as the Trustee of Frihet Trust, who is clearly a party to this action. Therefore, Frihet Trust need not be a party; Plaintiff's service of interrogatories and requests for production upon Mr. Bayley in his capacity as Trustee is proper under Rule 34.

Defendants further argue, even if responding in his trustee capacity, Mr. Bayley is not in possession or control of the tax documents requested by Plaintiff. (Dkt. No. 92 at 5-6.) Federal Rule of Civil Procedure 34 requires production of documents within the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). "Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy." 8B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2210 (3d ed. 2021).

In his Declaration, Mr. Bayley states "[a]s the Trustee of Frihet Trust I am not the 'Settler' of the Trust, nor did I create an EIN for the trust nor do I have authority to obtain, tax custody, control, and give tax documents [to] anyone not authorized by the Trust." (Dkt. No. 96 at 1.) Plaintiff argues that, under Washington law, a trustee possesses legal power to obtain trust documents. (Dkt. No. 101 at 9.) *See also* Wash. Rev. Code § 11.98.070 ("A trustee … of a trust … have discretionary power to acquire, invest, reinvest, exchange, sell, convey, control, divide, partition, and manage the trust property in accordance with the standards provided by law[.]"). In their reply to Plaintiff, Defendants fail to address why Mr. Bayley's authority as Trustee of

Frihet Trust varies from the powers provided under Washington statute, such that he cannot acquire the tax documents. (*See generally* Dkt. No. 103.) Thus, the Court finds, as Trustee, Mr. Bayley exercises the requisite control over the requested tax documentation for the purposes of Federal Rule 34.

### 2. Plaintiff's Second Set of Interrogatories and Requests for Production Are Relevant

Defendants argue that Plaintiff is not entitled to Frihet Trust's tax documents to determine Defendants' ability to pay a civil penalty under the CWA, "as such matters are not relevant." (Dkt. Nos. 92 at 6; 103 at 3.) However, as the Court addressed previously, a defendant's financial condition is relevant in a CWA action because it must be considered in determining a violator's ability to pay a civil penalty. Frihet Trust's tax documents will help determine potential penalties for Mr. Bayley, in his "capacity as Trustee, who apparently owned the Site on behalf of the Trust at the time of the 2020 CWA violation." (Dkt. No. 103 at 8.)

Additionally, Frihet's tax documents are relevant to Plaintiff's fraudulent/voidable and wrong distribution of assets claims. (Dkt. No. 101 at 6) ("[T]he tax ID documents and tax returns will help establish whether, prior to the transfers at issue in this case, Frihet Trust was a legitimate trust. This fact is relevant to Defendants' 'actual intent' with regard to the transfers.").

### 3. Defendants Fail to Assert Privilege

Defendants claim that "Frihet Trust's federal income tax documents are qualifiedly privileged from disclosure." (Dkt. No. 92 at 8.) However, Courts in the Western District of Washington have ordered the production tax returns if they are relevant; and there is a compelling need for them because the information sought is not otherwise available. *See, e.g., Int'l News, Inc. v. 10 Deep Clothing, Inc.*, No. C18-0302-JCC, 2020 WL 1890611, at *2 (W.D. Wash. Apr. 16, 2020) (citation omitted).

That standard is met here because Frihet Trust's tax documents are relevant, and the information is not elsewhere available. Defendants claim that Plaintiff could obtain the tax returns from the IRS or information about Frihet Trust's assets from publicly available sources. (Dkt. No. 103 at 2-3.) However, assuming for the sake of argument that those options are available to Plaintiff, the Court finds no reason to require Plaintiff to seek records that are within Defendants' control. Nor do publicly available sources contain the information sought by Plaintiff, including rental income from real property or other sources to which Plaintiff is unaware. (Dkt. No. 101 at 110.)

Further, Defendants request that the Court order personal identifiers redacted from tax documents, no copies be made, and prohibit further disclosure. (Dkt. No. 92 at 9-10.) However, the Court agrees with Plaintiff that such an order would be premature. (Dkt. No. 101 at 11.) The parties may propose a stipulated protective order covering such matters, if so inclined.

Defendants also ask the Court to order no attorney-client privileged documents be produced in connection with Frihet Trust's tax documents. The Court denies Defendants' request as it is likewise premature, given that Defendants have provided with no specificity the documents they seek to withhold, nor have they submitted a privilege log. Accordingly, Defendants are not entitled to a protective order as requested.

4. <u>Discovery Need Not Be Stayed Until After the Court Decides Summary Judgment Motions</u>

Defendants request the Court stay discovery until deciding dispositive motions. (Dkt. No. 92 at 6.) At this point in the litigation, the Court has denied Defendants' Motions to Dismiss. (*See* Dkt. Nos. 104, 108.) Defendants provide no reason to delay discovery until after motions for summary judgment are decided. Dispositive motions are not an absolute reason to stall discovery. (*See* Dkt. No. 44 at 2.) Therefore, the Court denies Defendants' request for a

stay and Defendants must fully respond to Plaintiff's second set of interrogatories and requests for production.[5]

### D. Plaintiff's Second Motion to Compel

Plaintiff's Second Motion to Compel (Dkt. No. 110) concerns the same interrogatories and requests for protection at issue in Defendants' Motion for a Protective order. Accordingly, for the same reasons that the Court denies Defendants Motion for a Protective Order, it grants Plaintiff's Second Motion to Compel.

Defendants' arguments against Plaintiff's Second Motion to Compel echo those already presented—that Frihet Trust is not a party, Mr. Bayley does not possess the requested tax documents, and Defendants' ability to pay a civil penalty is not relevant. (Dkt. No. 111 at 1-5.) As the Court has previously denied these arguments, it applies the same reasoning here. Accordingly, Defendants must fully respond to Plaintiff's second set of interrogatories and requests for production.

### E. Defendants' Motions for Attorneys' Fees Are Denied

Defendants request an award of reasonable attorneys' fees for having to respond to Plaintiff's Motion to Compel and Second Motion to Compel. (Dkt. Nos. 61 at 11-12; 111 at 5.) Defendants also request attorneys' fees incurred on its Motion for a Protective Order. (Dkt. Nos. 92 at 11; 103 at 6.) Defendants expand on this request in their Motion for Findings of Fact and

---

[5] In their Motion for a Protective Order, Defendants also raise arguments relating to whether Plaintiff has stated a proper claim against Defendants Mr. and Ms. Bayley. First, Defendants argue that Plaintiff's "fraudulent conveyance claim" violates Mr. Bayley's bankruptcy order of discharge. (Dkt. No. 92 at 7-8.) However, as explained by the Court, arguments going to the merits of Plaintiff's factual allegations are not properly made in a motion for a protective order. Second, Defendants claim that Plaintiff failed to serve Ms. Bayley with a notice of violation prior to commencing this action against Defendants. (Dkt. No. 92 at 8.) Similarly, a motion for protective order is not proper place for raising this argument.

ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 17

Conclusions of Law Regarding Reasonable Attorneys' Fees. (Dkt. No. 93). Federal Civil Rule of Procedure 37(a)(5)(B), (C) provides for attorneys' fees incurred in responding to discovery motions that are denied entirely or in part. Federal Civil Rule of Procedure 26(c)(3) provides for attorneys' fees relating to protective orders, stating "Rule 37(a)(5) applies to the award of expenses."

Because the Court grants Plaintiff's Motion to Compel and Second Motion to Compel, Defendants are not entitled to attorneys' fees incurred by their response. Further, as the Court denies Defendants' Motion for a Protective Order, Defendants are likewise not entitled to fees relating to such filing.

### IV.    CONCLUSION

Accordingly, and having considered Plaintiff and Defendants' motions, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that:

1. Plaintiff's Motion to Compel (Dkt. No. 58) is GRANTED.
2. Defendants' Motion for a Protective Order (Dkt. No. 92) is DENIED.
3. Defendants Findings of Fact and Conclusions of Law Regarding Reasonable Attorneys' Fees (Dkt. No. 93) is DENIED.
4. Plaintiff's Second Motion to Compel (Dkt. No. 110) is GRANTED.
5. Defendants are ORDERED to fully respond to Plaintiff's first set of interrogatories and requests for production and Plaintiff's second set of interrogatories and requests for production within fifteen days of this order. The failure to comply may result in Plaintiff seeking additional relief from the Court.
6. The Court notes that allowing Defendants fifteen days to respond may impact the parties' ability to supplement their Motions for Summary Judgment in the time

provided by the Court's Order Denying Defendants' Motion to Dismiss and Granting Leave to File Amended Summary Judgment Motions (Dkt. No. 104).  Accordingly, the Court extends its prior deadlines.

7. The parties shall supplement their motions for summary judgment (Dkt. Nos. 37, 55) no later than May 16, 2022.

8. The cross motions for summary judgment will be re-noted for consideration on June 10, 2022.

Dated this 5th day of April, 2022.

David G. Estudillo
United States District Judge