UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOAN V. BAYLEY, et al.,<br><br>                    Defendants. | CASE NO. 3:20-cv-05867-DGE<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Stay Discovery. (Dkt. No. 122.) Defendants seek a protective order staying their responses to Plaintiff's discovery requests until the Court decides Defendants' Motion for Summary Judgment.[1] (*Id.* at 1.) Plaintiff

---

[1] In their motion, Defendants state that they "move the Court, pursuant to Fed. R. Civ. P. 12(b)(1), 26(c), and the District Court's inherent authority for an order staying Plaintiff's discovery in this action or otherwise staying proceedings in this case pending resolution by the District Court of Defendants' motion for summary judgment." (Dkt. No. 122 at 1.) Federal Rule of Civil Procedure 12(b)(1) refers to the defense that a complaint should be dismissed for lack of subject-matter jurisdiction. Defendants do not appear to invoke this rule in their arguments.

opposes a stay and argues that Defendants fail to establish good cause to further delay discovery. (Dkt. No. 123 at 4.) For the reasons stated herein, the Court DENIES Defendants' motion to stay discovery (Dkt. No. 122).

## II. BACKGROUND

Defendants have now moved to stay discovery on three occasions. (Dkt. Nos. 26, 92, 122.) The Court denied Defendants' first Motion to Stay Discovery and ordered them to fully respond to Plaintiff's first set of interrogatories and requests for production. (Dkt. No. 44.) Defendants provided responses to Plaintiff's discovery requests in which they withheld answers and documents. (*See* Dkt. No. 58-1 at 21-31, 57-75.) In response, Plaintiff moved to compel compliance with the Court's prior order to fully respond to Plaintiff's discovery requests. (Dkt. No. 58.)

On January 10, 2022, the Court denied Defendants' Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 104.) In their Motion to Dismiss, Defendants raised several non-jurisdictional arguments that the Court did not consider in its order. (*Id.* at 6.) Specifically, the Court found that such arguments were "either not jurisdictional or [were] so intertwined with factual issues going to the merits of Plaintiff's claims that they should be raised on motions for summary judgment, not a motion to dismiss pursuant to Rule 12(b)." (*Id.*) Because both Plaintiff and Defendants had already filed motions for summary judgment, which were pending when the Court denied Defendants' Motion to Dismiss, the Court granted the parties leave to supplement their motions for summary judgment to account for the arguments not considered on Defendants' Motion to Dismiss. (*Id.* at n.4.)

---

Further, the Court has already denied Defendants Rule 12(b)(1) Motion to Dismiss. (Dkt. No. 104.) Thus, it is not relevant to this order.

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY - 2

On April 5, 2022, the Court denied Defendants' second Motion to Stay Discovery. (Dkt. No. 121.) The Court held that discovery need not be stayed until after it decides the parties' motions for summary judgment. (*Id.* at 16.) The Court ordered Defendants to fully respond to Plaintiff's first and second set of interrogatories and requests for production within 15 days. (*Id.* at 18.)

On April 5, 2022, the same day but slightly before the Court issued its order, Defendants filed a supplemental motion for summary judgment. (Dkt. No. 119.) Defendants now seek to stay discovery until after the Court decides their latest motion for summary judgment. (Dkt. No. 122 at 1.)

### III.   DISCUSSION

#### A.   Standard of Review

The court may, for good cause, issue a protective order for a party from whom discovery is sought to shield "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Relevant here, the court may grant a stay to "relieve a party from the burdens of discovery while a dispositive motion is pending, but this is the exception and not the rule." *Nw. Immigrant Rights Project v. Sessions*, 2017 WL 11428870, at *1 (W.D. Wash. Sept. 18, 2017). "A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal quotations and citation omitted).

#### B.   Defendants Have Not Established Good Cause to Stay Discovery

The Court has already determined in an order denying Defendants' Motion for a Protective Order that discovery need not be stayed until after the parties' Motions for Summary

Judgment are decided. (*See* Dkt. No. 121 at 16.) Defendants do not address this order by the Court. (*See generally* Dkt. No. 122.) Rather, Defendants essentially resubmit the argument that discovery should be stayed until summary judgment is resolved. Even assuming Defendants latest Motion for Summary Judgment is excluded from the Court's prior order, Defendants' third Motion to Stay Discovery fails on the merits.

In their most recent request for a protective order, Defendants argue that "[s]everal of the arguments raised in Defendants' [latest] motion for summary judgment, if accepted by the Court, would be dispositive, thereby rendering Plaintiff's discovery request moot." (Dkt. No. 122 at 1.) However, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Further, an argument that discovery may involve some inconvenience and expense does not automatically warrant a stay. *Noland v. Organo Gold Int'l, Inc.*, 2019 WL 1779568, at *2 (D. Nev. Apr. 23, 2019).

Defendants argue their "motion for summary judgment satisfies the two-part test for a stay of discovery." (Dkt. No. 122 at 3.) Defendants cite a two-part test employed by district courts in California, in which "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed" and "the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).

Defendants fail to establish that their summary judgment motion can be decided absent additional discovery. Defendants claim that most of their arguments can be decided without further discovery. (Dkt. No. 122 at 5.) However, Defendants' arguments are intertwined with

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY - 4

factual issues going to the merits of the claims presented in this case.  Therefore, the Court does not presume the parties' summary judgment motions can be decided absent additional discovery.  Consequently, Defendants are not entitled to a protective order staying discovery at this time and must fully respond to Plaintiff's discovery requests.

## IV.   CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' Motion to Stay Discovery (Dkt. No. 122) is DENIED.

Defendants are ORDERED to fully respond to Plaintiff's discovery requests within ten days of this order.

Dated this 29th day of April, 2022.

David G. Estudillo
United States District Judge