UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-cv-05867-DGE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| JOAN V. BAYLEY et al., | |
| Defendants. | |

## I      INTRODUCTION

Disputes can only be resolved in our civil justice system if the parties participate in good faith.  "The Federal Rules of Civil Procedure exist to move a case forward to disposition, and to do so promptly and expeditiously," but "discovery too often has become a desultory game of hide and seek." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 790 (9th Cir. 2011).  In this case, the record establishes Defendants' failure to participate in good faith discovery.  This leaves the Court with no choice but to strike Defendants' answer, dismiss their counter claims, and enter default against Defendants on the terms set forth in this order.

## II    BACKGROUND

On August 27, 2020, Plaintiff United States sued Defendants for allegedly violating the Clean Water Act (CWA) by unlawfully discharging dredge or fill material into the Hood Canal without a Section 404 permit.  (Dkt. No. 1 at 1.)  Plaintiff also claimed Defendants fraudulently transferred title and wrongfully distributed their assets to avoid CWA penalties.  (*Id.* at 7–8.)  The Court is prevented from considering the merits of this case because Defendants have repeatedly failed to respond to Plaintiff's discovery requests,[1] many of which have been pending for over a year.  The Court briefly chronicles Defendants' discovery noncompliance below.

Plaintiff served its first set of interrogatories and requests for production upon Defendants in April and May 2021.  (Dkt. No. 26-1 at 1.)  Defendants did not respond.  On May 27, 2021, Defendants moved to stay their responses to discovery pending resolution of their Motion to Dismiss.  (Dkt. No. 26.)  On August 5, 2021, the Court denied Defendants' request to stay, holding a pending motion to dismiss did not automatically stay discovery and Plaintiff's "discovery [was] not overly burdensome nor over-broad."  (Dkt. No. 44 at 2.)  The Court ordered Defendants to fully respond within ten days, or by August 16, 2021.  (*See id.*)

Defendants provided limited responses in which they largely withheld answers and documents and posited many objections, all of which the Court denied and many of which the

---

[1] On January 10, 2022, the Court denied Defendants' Motions to Dismiss (Dkt. Nos. 10, 34).  (Dkt. No. 104 at 10.)  Although both of Defendants' Motions to Dismiss were filed under Federal Rule of Civil Procedure 12(b)(1), Defendants made several arguments that were unrelated to the Court's jurisdiction and best considered on summary judgment.  (*Id.* at 10); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (holding if the jurisdictional issues and substantive issues are "so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits," the Court should consider the claims under a summary judgment standard).  Accordingly, because the parties had filed Motions for Summary Judgment before the Court ruled on Defendants' Motions to Dismiss, the Court allowed the parties time to supplement their Motions for Summary Judgment and noted them for consideration on May 6, 2022.  (Dkt. No. 104 at 10.)

1    Court found to be meritless.  (*See generally* Dkt. No. 121.)  Indeed, Defendants Joan Bayley and

2    Big D's Beach Cabin, LLC did not answer any of the interrogatories propounded upon them.

3    (Dkt. No. 58 at 2.)  Because of Defendants' failure to follow the Court's August 5, 2021 order,

4    Plaintiff moved to compel their responses on September 1, 2021.  (*Id.* at 1.)

5         In November 2021, Plaintiff served Defendants with its second set of interrogatories and

6    requests for production.  (Dkt. No. 92 at 2.)  On December 21, 2021, Defendants filed a Motion

7    for a Protective Order.  (*Id.*)  Consequently, on February 3, 2022, Plaintiff filed its second

8    Motion to Compel, asking the Court to order Defendants to respond to its second set of

9    interrogatories and requests for production.  (Dkt. No. 110.)

10        On April 5, 2022, the Court granted Plaintiff's Motions to Compel and denied

11   Defendants' Motion for a Protective Order.  (Dkt. No. 121 at 18.)  In its order, the Court

12   considered and overruled each of Defendants' objections, most of which were entirely without

13   merit.  For example, Defendants Joan Bayley and Big D's Beach Cabin, LLC refused to respond

14   to interrogatories claiming they were not properly served because they were served by email—

15   even though Defendants' counsel had already agreed to email service.  (Dkt. No. 121 at 6.)

16   Defendants refused to respond to dozens of discovery requests containing an insignificant

17   typographical error in the term "Site."  (*Id.*)  The Court found "Defendants appear to

18   intentionally misconstrue Plaintiff's discovery requests by refusing to acknowledge the plain

19   meaning of the term 'Site'" despite Plaintiff clarifying its error.  (*Id.* at 8.)  Defendants asserted

20   many "objections," which were arguments against the merits of Plaintiff's claims against them,

21   and therefore, not valid objections to discovery.  (*See id.* at 10–11, 17.)  The Court admonished

22   Defendants by stating "arguments going to the merits of Plaintiff's factual allegations are not

23   properly made in [discovery motions]."  (*Id.* at 17.)  The Court ordered Defendants "to fully

24

1    respond to Plaintiff's first set of interrogatories and requests for production and Plaintiff's

2    second set of interrogatories and requests for production within fifteen days of [its] order," and

3    warned "failure to comply may result in Plaintiff seeking additional relief from the Court." (*Id.*

4    at 18.)  The Court also found:

5    > [A]llowing Defendants fifteen days to respond may impact the parties' ability to
     > supplement their Motions for Summary Judgment in the time provided by the
6    > Court's Order Denying Defendants' Motion to Dismiss and Granting Leave to File
     > Amended Summary Judgment Motions (Dkt. No. 104).  Accordingly, the Court
7    > extends its prior deadlines.  The parties shall supplement their motions for summary
     > judgment (Dkt. Nos. 37, 55) no later than May 16, 2022.

8    (*Id.* at 18–19.)

9
10   Defendants ignored the Court's order to supplement discovery by April 20, 2022; instead,

11   Defendants again moved to stay discovery on April 13, 2022.  Echoing their argument previously

12   rejected by the Court, Defendants claimed discovery should halt until the Court ruled on their

13   latest Motion for Summary Judgment (Dkt. No. 119).[2]  (Dkt. No. 122.)  On April 29, 2022, the

14   Court denied Defendants' motion and ordered them "to fully respond to Plaintiff's discovery

15   requests within ten days of this order," or by May 9, 2022.  (Dkt. No. 126 at 5.)

16   Because of Defendants' discovery noncompliance, Plaintiff contacted the Court

17   requesting a telephonic hearing to discuss a new briefing schedule that would allow Plaintiff the

18   benefit of Defendants' discovery responses with respect to its arguments for summary judgment.

19   On May 3, 2022, the Court held a telephonic hearing with Plaintiff and Defense counsel, in

20

21

22   [2] In its order, the Court found it had "already determined in an order denying Defendants' Motion
     for a Protective Order that discovery need not be stayed until after the parties' Motions for
23   Summary Judgment are decided" and "Defendants essentially resubmit the argument that
     discovery should be stayed until summary judgment is resolved."  (Dkt. No. 126 at 3–4) (citing
24   Dkt. No. 121 at 16).

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS - 4

1    which it set a staggered briefing schedule for the parties' cross motions for summary judgment.

2    (Dkt. No. 127.)

3        On May 5, 2022, Defendants filed a Motion for Reconsideration of the Court's latest

4    order declining to stay discovery (Dkt. No. 128), however, the pendency of a motion for

5    reconsideration does not stay discovery. *See* LCR 7(h)(2). Defendants were thus still obligated

6    to provide discovery by May 9, 2022. The Court denied Defendants' motion for reconsideration

7    and once again ordered them "to fully respond to Plaintiff's discovery requests by May 20,

8    2022." (Dkt. No. 132 at 2.) The Court also extended Plaintiff's deadline to respond and move

9    for summary judgment "in order to allow Plaintiff an opportunity to review Defendants'

10   responses to its discovery requests[.]" (Dkt. No. 133 at 3.) The Court warned "[i]f Defendants

11   continue to fail to respond, they may be subject to sanctions upon Plaintiff's request." (*Id.*)

12        On May 20, 2022, Defendants provided written responses to Plaintiff for its outstanding

13   interrogatories and requests for production. (Dkt. No. 134 at 2.) These "responses" were not in

14   fact responses. Defendants provided pages and pages of objections and refusals to comply

15   (which purportedly applied to each and every one of Plaintiff's Interrogatories and Requests for

16   Production for all Defendants). In total, Defendants' objections and refusal amounted to around

17   725 pages (*see* Dkt. Nos. 137-1, 137-2, 137-4, 137-5, 137-7, 137-8, 148-1, 148-2), and were both

18   frivolous and often nonsensical. Plaintiff states Defendants failed to provide a single document

19   with their written responses. (Dkt. No. 148 at 4.) The excerpts below are illustrative.

20        Defendant object[s] to each and every question or requests for production with the
         following objections and responses hereto:

21

22        This discovery question or request is answered "Not Applicable and thus this is
         Fully Answered" by this Defendant. He, she or it has NEVER had an interest in,
         performed activities at, instructed others to perform activities at, transferred it, had

23        any personal experience with the strawman fictional manifestation within
         Plaintiff's discovery. Plaintiff has not provided a witness with personal knowledge

24

1    who can provide testimony of this real person being linked to the fictitious criteria
about a fictional site with activities and structure descried in Plaintiff's discovery
2    nor ever did exist in the real world where this Defendant exists. The real Defendant
in this living world do not have any personal knowledge or documents to provide
3    that relate to the fictional characters, activities, structures, transfers, site, etc.
imagined by Plaintiff in this and all of its discovery documents. This discovery
4    contains a fabricated strawman by having this discovery document and the rest of
them being defined by definitions that do not share the same alleged facts and
5    definitions as Dkt. 1 thus [] cannot factually relate to Dkt 1. These discovery
questions and requests do not contain or relate to the facts already determined by
6    the State of Washington about the Defendant's physical site and bulkhead
replacement project and related activities, that by the way Plaintiff has publicly
7    acknowledged as facts through its lack of objection and appeal as Congress and
Washington State and the Secretary of Commerce requires of it. No Court is above
8    the law to ignore the law and matters of fact already on the public record.

9    (Dkt. No. 137-1 at 2–3.)

10    If Plaintiff wants to see tax returns, it must provide a witness with personal
experience who can testify that real living defendant and their tax returns have a
11    direct connection to Plaintiff's fictional fairytale strawman manufactured in its
discovery. If so then Defendants' may do so if the Court or Plaintiff grant
12    Defendants' protective order to protect each person's identity, limit the scope of
use of the tax returns to the alleged purpose to calculate an ability to pay a CWA
13    for which the Court cannot grant nor Plaintiff request per the law and U.S.
Constitution, can substantiate its jurisdiction beyond its statutorily required burden
14    of proof, can prove it has the right to ensure compliance on a state permit and right
to bring enforcement on a state permit, right to violate the 10th amendment
15    protections of the State of Washington and its people, can substantiate a claim for
which it can seek relief, can substantiate that the high tide line has any legal
16    significance within the state of Washington to property it lacks title thereto, limits
its dissemination of tax return information to a third party approved by all parties
17    who can only calculate a hypothetical penalty and identifies what information in
the tax return it needs and shares the formula for calculating its alleged CWA
18    penalty with Defendants.

19    (Dkt. No. 137-1 at 14–15.)

20    Plaintiff has no power to interfere with State issued permits, bring judicial action
against state permit holders, bring enforcement action against state permit holders
21    or even get to ensure state permit holders compliance with said state permit. Once
again, the Court and Plaintiff are engaging in due process violations, 10th
22    amendment violations, and frankly boarding on the edge of criminal acts of treason
for waging war on the U.S. Constitution.

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS - 6

(Dkt. No. 137-1 at 20.)  There is no question Defendants' written responses did not comply with the Court's orders to fully respond.

The Court directed the parties to appear at an in-person hearing on June 22, 2022.  (Dkt. Nos. 135, 136.)  Defense counsel Christopher Constantine and Defendant Philip Bayley were present at the hearing.  Defendants were expressly warned multiple times they would face dispositive sanctions if they again failed to fully respond to Plaintiff's outstanding discovery requests by July 10, 2022.

> The question is, are you going to comply? If your client is not going to comply, Ms. Glickman has already indicated, [Plaintiff will figure out what to do], which would include some type of sanction under Federal Rule of Civil Procedure 37(b)(1), which could include possible default, depending, again, on the nature of the failure to comply.

(Dkt. No. 142 at 10.)

> If [Defendants] don't disclose this information, then there might be a default entered.

(*Id.*)

> So[,] it comes down to a question of will your clients fully respond.  And if not, then the government is going to come back and ask for some type of sanction, which could include a default. If you're right, you will be on appeal and you will figure it out with the Court of Appeals. But if you're wrong, we will have to enter a default and you basically won't be able to present your case.

(*Id.* at 10–11.)

> Again, you are being ordered and your client is being ordered to produce by July 10th the full responses, including the documents that are still not produced as of this date. If you fail to do that by July 10th, I am expecting the motion to come in by July 15th from the government as to the request for sanctions, which could include up to, potentially, a default.

(*Id.* at 19.)

1    Defendants did not comply with the Court's order and failed to provide supplemental

2    discovery by July 10, 2022.  Plaintiff filed their Motion for Sanctions on July 15, 2022, which

3    the Court now considers.  (Dkt. No. 148.)

### III    DISCUSSION

#### A.  Legal Standard for Sanctions

6    Federal Rule of Civil Procedure 37 authorizes district courts to sanction discovery

7    misconduct by staying further proceedings pending compliance or terminating the action by

8    default or dismissal.  Fed. R. Civ. P. 37(b)(2)(A)(iv)-(vi).  Sanctionable conduct includes

9    disobeying a discovery order (Fed. R. Civ. P. 37(b)(2)(A)), as well as failing to respond to

10   interrogatories under Rule 33 and requests for inspection under Rule 34 (Fed. R. Civ. P.

11   37(d)(3)).  A party's failure to provide discovery responses "is not excused on the ground that

12   the discovery sought was objectionable, unless the party failing to act has a pending motion for a

13   protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).

14   Default is a discretionary remedy "imposed only in extreme circumstances."  *Dreith v.*

15   *Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  "Where the drastic sanctions of dismissal or

16   default are imposed, however, the range of discretion is narrowed and the losing party's non-

17   compliance must be due to willfulness, fault, or bad faith."  *Henry v. Gill Indus., Inc.*, 983 F.2d

18   943, 946 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337

19   (9th Cir. 1985)).  Willfulness or bad faith exists where there is "disobedient conduct not shown

20   to be outside the control of the litigant."  *Id.* at 948.  After a finding of willfulness, courts

21   consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

22   court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public

23   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

24

1   sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  "Where a court

2   order is violated, the first and second factors will favor sanctions and the fourth will cut against

3   them." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).  In such

4   circumstances, the court's analysis on terminating sanctions turns on the third and fifth factors.

5   (*Id.*)

6   **B.  Defendants' Willful Discovery Misconduct**

7       Plaintiff asks the Court to enter default judgment under Rule 37(b)(1)(A)(vi) as to

8   liability for all of its claims against Defendants, and order Defendants' ability to pay a CWA

9   penalty to be taken as established under Rule 37(b)(2)(A)(i).  (Dkt. No. 148 at 1–2.)

10  Alternatively, Plaintiff asks the Court to order certain elements of Plaintiff's claims be taken as

11  established under Rule 37(b)(2)(A)(i).  (*Id.* at 2.)

12          1.  <u>Defendants' Willful Disobedience and Bad Faith</u>

13      Plaintiff argues Defendants' multiple failures to comply with the Court's orders show

14  willful disobedience for which "Defendants offer no excuse [] other than that they simply

15  disagree with the substance of the Court's orders and . . . believe the Court lacks the authority to

16  issue them." (Dkt. No. 148 at 9.)  In response, Defendants argue they attempted to comply with

17  the Court's latest order by offering to provide Plaintiff some discovery.  (*See generally* Dkt. No.

18  152.)

19      On June 30, 2022, Defense counsel emailed Plaintiff offering to provide some of the

20  requested discovery if Plaintiff signed a protective order, waived any sanctions motion regarding

21  discovery, and agreed to file a response to Defendants' Motion for Summary Judgment within

22  seven days of receiving discovery.  (Dkt. No. 149-3 at 2.)  On July 5, 2022, Plaintiff's counsel

23  responded it would not accept Defendants' offer because the Court already determined it was

24

1   entitled to full responses to its discovery requests and the "proposal would deny [Plaintiff] access

2   to information and documents responsive to a significant number of those requests, including,

3   among other things, documents and information related to the construction of the bulkhead,

4   Defendants' complete tax returns, and certain documents relevant to Frihet Trust." (*Id.*)

5   Defendants did not provide supplemental discovery and blame Plaintiff's rejection as the cause;

6   thus, arguing Defendants did not willfully disobey the Court's order. (Dkt. No. 152 at 5–6)

7   ("Defendants' action in attempting to comply with the Court's order of June 22, 2022 by offering

8   to deliver documents to Plaintiff's counsel in response to Plaintiff's discovery requests does not

9   meet the definition of willfulness.").

10          Defendants' argument is without merit. The Court ordered Defendants to fully respond

11   to discovery requests; not to proffer some documents subject to conditions. The Ninth Circuit

12   has held a "court was justified in thinking its order [was] entitled to be obeyed in all particulars."

13   *Henry*, 983 F.2d at 948. As discussed above, "'disobedient conduct not shown to be outside the

14   control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Id.*

15   (quoting *Fjelstad*, 762 F.2d at 1341). Although Plaintiff refused to waive its ability to move for

16   sanctions or accept less discovery than was ordered, Defendants remained perfectly capable of

17   complying but choose to provide no additional discovery. Furthermore, Defendants could have

18   requested Plaintiff sign a protective order while dropping their other conditions.

19          Defendants have not argued circumstances beyond their control which prevented them

20   from responding to multiple court orders. As catalogued above, Defendants failed to fully

21   respond to Plaintiff's discovery requests despite being ordered to do so on August 5, 2021 (Dkt.

22   No. 44), April 5, 2022 (Dkt. No. 121), April 29, 2022 (Dkt. No. 126), May 16, 2022 (Dkt. No.

23   132), May 19, 2022 (Dkt. No. 133), and June 22, 2022 (Dkt. No. 141). Accordingly, the Court

24

finds Defendants' flagrant and repeated noncompliance to be willfully disobedient and in bad faith. Indeed, as recounted above, Defendants engaged in consistent and intentional obstruction of discovery by failing to comply with multiple Court orders and by not heeding Court warnings. Instead, Defendants filed frivolous objections—including objecting on the same basis for which the Court had already overruled—and provided nonsensical responses.

> 2. The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

Defendants disobeyed, without justification, at least four Court discovery orders. Accordingly, the first and second factors raised in *Malone*—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—both favor default. *See Computer Task Group, Inc.*, 364 F.3d at 1115 ("Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them.").

Defendants continued failure to provide discovery has reached a stalemate. Discovery was set to close June 30, 2022 until the Court struck pretrial deadlines and the trial date so that it could resolve Defendants' discovery misconduct. (Dkt. Nos. 127, 141.) There is no question Defendants' repeated failure to comply with the Court's orders has delayed resolution on the merits and interfered with the Court's ability to manage its docket. The Court articulated its desire to consider the parties' cross motions for summary judgment after the parties had an opportunity to engage in discovery to avoid piece meal decisions on each issue. (*See* Dkt. No. 121 at 18-19; 133 at 3.) But, Defendants' obfuscation has made orderly and timely proceedings impossible.

> 3. Prejudice

Prejudice to Plaintiff is apparent in this case. To date, Defendants have failed to provide complete discovery responses. The Ninth Circuit has held "[f]ailure to produce documents as

1    ordered . . . is considered sufficient prejudice" for default sanctions.  *Adriana Intern. Corp. v.*

2    *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  At the June 22, 2022 hearing, Plaintiff confirmed

3    Defendants failed to provide responses to discovery requests for the following: interrogatories

4    and documents related to the construction of the bulkhead, including payment records, as well as

5    information about the type of equipment used (Dkt. No. 142 at 4); complete tax returns (*id.*); Big

6    D's Beach Cabin, LLC's bank records (*id.* at 5); and all requested documents relating to Frihet

7    Trust (*id.* at 4).  "Because Defendants have failed to provide the documents requested by

8    [Plaintiff], [Plaintiff] cannot respond to Defendants' pending Motion for Summary Judgment

9    without losing [the] benefit [of reviewing Defendants' discovery responses]."  (Dkt. No. 148 at

10   12.)  Additionally, Plaintiff "is unable to pursue its claims for fraudulent/voidable transfer and

11   wrongful distribution of assets because of Defendants' refusal to provide basic documentation

12   relating to the transfers at issue in this case[.]"[3]  (*Id.*)  Since the hearing, Plaintiff confirmed no

13   new discovery was provided; thus, its requests remain outstanding.  (Dkt. No. 166 at 1.)

14   In response, Defendants have not contested these facts.  (*See generally* Dkt. No. 152.)

15   Defendants blame Plaintiff because it "rejected the 261 pages of documents offered by

16   Defendants on June 30, 2022[,]" therefore, making Plaintiff "the cause of the prejudice it claims

17   to have suffered."  (Dkt. No. 152 at 7.)  As discussed, contrary to Defendants' assertions,

18

19   ───────────────
     [3] Defendants argue "Plaintiff previously told the Court it could prove Defendants' CWA liability
20   without any discovery. [Dkt. No. 37.]    Plaintiff also fails to explain how its First Set of
     Interrogatories to Defendant Philip Bayley, which inquired as to matter such as bulkhead
21   reconstruction, Defendants' net worth and property transfers had anything to do with Defendants'
     motion for summary judgment."  (Dkt. No. 152 at 11.)  These arguments are irrelevant to whether
22   a party is entitled to discovery under the Federal Rules of Civil Procedure, which permit discovery
     regarding any non-privileged matter that is relevant to any party's claim or defense and
23   proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  The Court has already held
     Plaintiff's discovery requests meet this standard and Defendants are obligated to respond.  (Dkt.
24   No. 121 at 18–19.)

1    Plaintiff was under no obligation to forfeit its right to complete discovery in exchange for the

2    select documents offered by Defendants.  Defendants appear use their limited proffer as pretext

3    for continuing to disobey the Court's orders and obstruct discovery, which clearly prejudices

4    Plaintiff's ability to prepare its case.

5        Defendants argue Plaintiff overlooks the documents related to the bulkhead construction,

6    which Defendants provided to the Environmental Protection Agency (EPA) and the National

7    Oceanic and Atmospheric Administration (NOAA) during prior administrative proceedings.[4]

8    (Dkt. No. 152 at 3.)  Defendants claim to have provided those same documents to the Court and

9    to Plaintiff at the June 22, 2022 hearing.  (Dkt. No. 152 at 3) (citing exhibits contained in Dkt.

10   No. 138).  Defendants did not provide a declaration or any kind of list identifying each exhibit so

11   the Court attempts to discern each document.  The cited exhibits appear to be Mason County

12   Department of Public Works' Determination of Non-significance and an application relating to

13   Mr. Bayley's proposed bulkhead repair (Dkt. No. 138-1 at 5–34); Washington Department of

14   Fish & Wildlife's Hydraulic Project Approval granted to Mr. Bayley (Dkt. No. 138-2 at 49–55);

15   an inspection report by Washington Department of Fish & Wildlife (Dkt. No. 138-2 at 56–57); a

16   proposal from South Sound Concrete & Construction (Dkt. No. 138-2 at 60–61); MC Squared,

17   Inc.'s Structural Calculations for Mr. Bayley's bulkhead wall (Dkt. No. 138-2 at 62–115); and a

18   page with a case number for the "Bayley Bulkhead" with a logo purporting to be from the

19   Criminal Investigation Division of the EPA (Dkt. No. 138-3 at 13–14).

20       Although these documents appear to respond to some of Plaintiff's requests relating to

21   the bulkhead construction, Defendants have not shown full responses to Plaintiff's first and

22

23   [4] The Court has gleaned from Defendants' motions and filings that Mr. Bayley has been
     investigated previously by the EPA and NOAA, however, such administrative proceedings are not
24   a part of the record in this litigation.

1  second sets of interrogatories and requests for production.  For instance, nowhere in Defendants'

2  response do they attest they have answered Plaintiff's interrogatory number two, which asked the

3  same question to Mr. Bayley, Ms. Bayley, and Big D's Beach Cabin, LLC.[5]  (*See* Dkt. No. 58-1

4  at 5, 12, 18, 30.)  Defendants also do not attest they have provided supplemental payment records

5  in response to Plaintiff's request for production number 22, as ordered by the Court.  (Dkt. No.

6  121 at 12–13.)

7  Additionally, Defendants argue, "[i]n 2019, Defendant Philip Bayley submitted tax

8  returns for 2015-2018 to EPA." (Dkt. No. 152 at 3.)  Patrick Johnson of the EPA states

9  Defendant Philip Bayley provided tax returns for the Bayley Family Hood Canal, LLC for 2015

10  to 2018, but provided no additional tax returns.  (Dkt. No. 167 at 1–2.)  In its first set of requests

11  for production, Plaintiff requested Mr. and Ms. Bayley's federal income tax returns since 2016.

12  (Dkt. No. 58-1 at 36, 44.)  Notwithstanding whether Defendants provided some documents to the

13  EPA in the past, Defendants were required to comply with Plaintiff's discovery requests and

14  submit their tax documents for the purposes of this proceeding.  *See Computer Task Group, Inc.*,

15  364 F.3d at 1117 ("Even assuming [the plaintiff] already had some of the information it sought

16

17

18  [5] Plaintiff's interrogatory number two asked Defendants to "[d]escribe in detail the Bulkhead
Construction Activities that took place at the Site between June 2017 and present, including the
19  Bulkhead Construction Activities alleged in the Complaint. Identify the purpose and nature of each
Activity; the date(s) of each Activity (including start and end dates); the type(s) of machinery or
20  equipment used to perform each Activity and a description of how such equipment and machinery
was used to deposit concrete and other fill material at the Site; the identity of the person(s) who
21  performed each Activity; the identity of the person(s) who were involved in the planning,
designing, funding, financing, and overseeing of the Activity; and the identity of every person or
22  other entity with knowledge of any of these various aspects of each Activity." (Dkt. No. 58-1 at
5, 12, 18.)  Mr. Bayley responded "[n]ot applicable to Defendant[,]" and it appears Ms. Bayley
23  and Big D's Beach Cabin LLC have failed to respond entirely.  (*See* Dkt. No. 58-1 at 30.)  The
responses provided by Defendants on May 20, 2022 asserted blanket objections without further
24  answers.

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS - 14

from [the defendant], or could have obtained it from other sources, this does not excuse [the defendant's] failure to respond to the discovery requests.").

Defendants have failed to fully comply each time the Court has extended the deadline to provide complete discovery, which has caused this case to reach an impasse. Plaintiff cannot effectively litigate its claims. Because Defendants have deprived Plaintiff discovery, prejudice is clearly established.

### 4.   Public Policy Favoring the Disposition of Cases on their Merits

Because public policy favors resolution of cases on their merits, this fourth factor ordinarily weighs against default. The Court would strongly prefer to dispose of this case on its merits. Unfortunately, Defendants make doing so impossible as they refuse to comply with discovery despite multiple Court orders requiring them to do so. Accordingly, even if this factor cuts against default, the other factors and Defendants' conduct outweigh in favor of default.

### 5.   Availability of Less Drastic Sanctions

A district court adequately considers lesser sanctions where it "(1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." *Computer Task Group, Inc.*, 364 F.3d at 1116 (citing *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995)). Courts are not required, in all cases, to implement less drastic sanctions before ordering a case dismissed. *See Anheuser-Busch*, 69 F.3d at 352 (holding the district court adequately considered lesser sanctions even though it did not implement one because it "explicitly discussed the feasibility of less drastic sanctions, but concluded that any sanction less than dismissal would be ineffective").

1   Defendants argue "[t]o date, the Court has not discussed the alternative of lesser

2   sanctions nor explained why lesser sanctions would be inappropriate" and "the district court

3   must consider less severe alternatives than outright dismissal."  (Dkt. No. 152 at 5.)  Defendants

4   further argue, "if the Court concludes some form of sanction is required, Defendants suggest

5   either a monetary penalty and/or a continuance of discovery for 60 days to resolve any

6   outstanding issues on discovery."  (*Id.* at 17.)

7   The Court has considered less drastic sanctions than entering default.  Continuing

8   discovery for 60 days and entering another order compelling Defendants to provide discovery

9   would likely have no effect.  For the last five months, the Court has repeatedly continued

10  deadlines and ordered Defendants to respond without success.  The Court finds the option of a

11  monetary penalty likewise ineffective.  Defendants' pattern of disobeying orders affords little

12  guarantee that requiring Defendants to pay a penalty will compel them to provide discovery.

13  Additionally, in their latest discovery objections, Defendants indicated they would not abide any

14  sanctions issued by the Court as they do not believe the Court has authority to implement them.

15  The Court cannot lawfully impose sanctions upon the real living Defendants for not
16  engaging in perjury, answering questions and providing documents about an
    artificial fictional construct fairytale by Plaintiff to trick Defendants' and the Court
17  and engaging is a discovery exercise pretending false pretenses are true when none
    are found in fact as determined by Washington State and agreed upon by Plaintiff's
18  acceptance of them by not appealing said determinations of fact. The Court cannot
    lawfully impose sanctions or extend Plaintiff's deadline to respond to Dkt. 119 past
19  the May 2nd 2022 deadline, that Plaintiff has already failed to respond to.

20  (Dkt. No. 137-1 at 20.)

21  Plaintiff proposes two types of sanctions: (1) entry of default as to liability for all claims

22  under Rule 37(b)(1)(A)(vi) and order Defendants' ability to pay a CWA penalty to be taken as

23  established under Rule 37(b)(2)(A)(i); or (2) order certain elements of Plaintiffs' claims be taken

24  as established under Rule 37(b)(2)(A)(i).  This second alternative is only superficially less drastic

because if the Court enters default against Defendants, it remains Plaintiff's obligation to move for default judgment under Local Civil Rule 55(b). To do so, it will rely on its Complaint and the evidence it has adduced to date. *See Atigeo LLC, et al. v. Jonas*, 2009 WL 10676283, at *2 (W.D. Wash. June 24, 2009) (holding evidentiary sanctions in the form of unfavorable inferences were only superficially less drastic to default). Therefore, the Court finds no compelling reason to opt for evidentiary sanctions rather than entering default against Defendants as to liability for all claims and ordering Defendants' ability to pay a CWA penalty be taken as established. Because, to date, Defendants have failed to provide answers to interrogatories and records of their income and assets, the Court is left with no choice than to take this element of Plaintiff's claim as established.

The Court advised Defendants continued non-compliance would lead to default during the hearing on June 22, 2022. (*See* Dkt. No. 142 at 10–11, 19.) Defendants were on notice default would be a consequence of their failure to provide supplemental discovery by July 10, 2022, but still failed to provide any additional documents. Therefore, the Court finds the fifth factor favors default.

For the reasons stated above, the Court finds Defendants acted willfully and in bad faith in failing to provide discovery responses contrary to multiple Court orders. The appropriate sanction for Defendants' misconduct is to strike Defendants' answer, enter default against them, dismiss their counterclaims, and order Defendants' ability to pay an appropriate CWA penalty be taken as established. The outstanding motions pending before the Court will be denied as moot, including Plaintiff's Motion for Summary Judgment (Dkt. No. 37), Defendants' Motions for Summary Judgment (Dkt. Nos. 55, 119), Plaintiff's Motions to Strike Defendants' Affirmative Defense (Dkt. No. 59) and Surreply (Dkt. No. 60), and Plaintiff's Motion to Dismiss

1    Counterclaim (Dkt. No. 80).  Defendants ask the Court to hold an evidentiary hearing before

2    issuing dispositive sanctions.  Because Defendants do not elucidate any evidence that would

3    explain or rectify their misconduct, the Court does not find reason to hold a hearing at this time.

4        **C.  Plaintiff's Motion to Sanction Defendants' and their Counsel Under Rule 26(g)**

5        Federal Rule of Civil Procedure provides:

6        Every . . . discovery request, response, or objection must be signed by at least one
         attorney of record in the attorney's own name . . . .  By signing, an attorney or party
7        certifies that to the best of the person's knowledge, information, and belief formed
         after a reasonable inquiry . . . with respect to a discovery request, response, or
8        objection, it is . . . consistent with these rules and warranted by existing law or by
         a nonfrivolous argument for extending, modifying, or reversing existing law, or for
9        establishing new law[.]

10   Fed. R. Civ. P. 26(g)(1)(B)(i).

11       "If a certification violates this rule without substantial justification, the court . . . must

12   impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or

13   both," which "may include an order to pay the reasonable expenses, including attorney's fees,

14   caused by the violation."  Fed. R. Civ. 26(g)(3).  "Thus, '[t]he Rule allows the court to impose

15   sanctions on the signer of a discovery response when the signing of the response is incomplete,

16   evasive or objectively unreasonable under the circumstances.'"  *Aecon Bldgs., Inc. v. Zurich N.*

17   *Am.*, 2008 WL 3927797, at *4 (W.D. Wash. Aug. 21, 2008) (quoting *St. Paul Reinsurance Co. v.*

18   *Commercial Financial Corp.*, 198 F.R.D. 508, 515 (N.D. Iowa 2000)).

19       Plaintiff argues the certification by Mr. Spencer on Defendants' approximately 725 pages

20   of discovery responses falls below an objective standard of reasonableness, and therefore,

21   Plaintiff asks the Court to order Mr. Spencer, Mr. Constantine,[6] and all Defendants to pay the

22

23   ─────────────────
     [6] Defendants argue the Court may not order sanctions under Rule 26(g) against Mr. Constantine
     because the rule provides only for sanctions against the signer and the party.  (Dkt. No. 152 at 14–
24   15.)  Plaintiff argues sanctions against Mr. Constantine are warranted because he argued many of

1  reasonable expenses incurred by Plaintiff for the June 22, 2022 hearing and in preparing its

2  Motion for Sanctions and reply brief, including the attorney fees of Ms. Laura Glickman and Mr.

3  Kenneth Amaditz.  (Dkt. No. 148 at 18–19.)  In total, Plaintiff requests $12,833.27 in fees and

4  expenses.  (Dkt. No. 168 at 2.)

5          In response, Defendants argue "Plaintiff does not identify any specific part of

6  Defendants' discovery responses that fails to meet an objective standard of reasonableness," such

7  that "Defendants are at a loss to know how to respond."  (Dkt. No. 152 at 15.)  Defendants

8  further argue Plaintiff fails to "identify any prejudice it suffered as a result of any statement by

9  Defendants' counsel John Spencer."  (*Id.*)

10         Defendants do not provide authority to support their contention that sanctions under Rule

11  26(g) require a showing of prejudice.  Moreover, the Court finds Plaintiff is prejudiced by

12  Defendants' failure to provide substantive answers to their discovery requests.  The Court also

13  agrees Defendants' most recent discovery responses fall below the objective standard of

14  reasonableness given that the Court already overruled Defendants' objections (Dkt. No. 121) and

15  responding with hundreds of pages of stream of consciousness frivolous objections and refusals

16  to comply clearly violates Defendants' obligation to provide discovery.  As a result of

17  Defendants' noncompliance, the Court held an in-person hearing and now considers Plaintiff's

18  Motion for Sanctions.  Accordingly, the Court orders Mr. Spencer and Defendants to pay

19  Plaintiff's reasonable expenses of $12,833.27.

20

21

22  _____

23  the same arguments in Defendants' responses at the June 22, 2022 hearing.  (Dkt. No. 148 at 19.)
    The Court does not find a sufficient basis to hold Mr. Constantine accountable for Mr. Spencer's
    certification, and therefore, imposes sanctions only against Mr. Spencer and Defendants Mr.

24  Bayley, Ms. Bayley, and Big D's Beach Cabin LLC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### D.  Motions to Withdraw as Counsel

After responding to Plaintiff's Motion for Sanctions, Mr. Spencer and Mr. Constantine filed Motions to Withdraw as Counsel for Defendant Philip Bayley in his individual capacity. (Dkt. Nos. 170, 171.)  The Court ordered the attorneys and Mr. Bayley to identify Mr. Bayley's address and email address.  (Dkt. No. 180.)  Mr. Bayley filed a "Notice of Current Address" with the Court identifying his contact information.  (Dkt. No. 181.)  Accordingly, the Court GRANTS Mr. Spencer and Mr. Constantine's Motions to Withdraw as Counsel (Dkt. Nos. 170, 171).

### E.  Outstanding Motions by Mr. Philip Bayley

After Plaintiff moved for sanctions, Mr. Bayley independently filed several motions which are pending with the Court.  (*See* Dkt. Nos. 175 at 1–3; 175-1 at 1–5; 175-2 at 1–2.)  First, Mr. Bayley moves to be recognized to represent himself under Local Civil Rule 83.2(b)(5). Because the Court grants Mr. Spencer and Mr. Constantine's Motions to Withdraw, Mr. Bayley will be unrepresented and representing himself.  Therefore, the Court DENIES as moot Mr. Bayley's Motion to Remove his Attorneys (Dkt. No. 175).  Mr. Bayley also moves to stay the Court's ruling on Plaintiff's Motion for Sanctions and for leave to file an overlength response. Because the Court considers Mr. Bayley's response below, it DENIES as moot Mr. Bayley's Motion to Stay (Dkt. No. 175-1) and Motion for Leave to File an Overlength Response (Dkt. No. 175-2).

Mr. Bayley filed a proposed response to Plaintiff's Motion for Sanctions.  (Dkt. Nos. 175-3, 176.)  Plaintiff argues Mr. Bayley's response is not properly before the Court because Mr. Bayley was represented by counsel, at the time of filing, and Mr. Bayley's counsel already submitted a response on his and the other Defendants' behalf.  (Dkt. No. 179 at 3.)  Further, Mr.

1  Bayley's response would be untimely as the matter has been fully briefed.  (*Id.*)  Plaintiff

2  requests 14 days to file a reply, if ordered to do so by the Court.  (*Id.*)

3  Although the Court agrees that Mr. Bayley's response is not procedurally proper, in the

4  interest of judicial economy, it has reviewed Mr. Bayley's arguments.  The Court finds the vast

5  majority of Mr. Bayley's arguments do not address the heart of the matter at issue—Mr. Bayley

6  and the other Defendants' discovery misconduct and noncompliance.  Accordingly, Mr. Bayley's

7  response does not alter the Court's conclusion that default is the appropriate sanction in this case,

8  and Plaintiff's response is unnecessary at this time.

9  In large part, Mr. Bayley's arguments relate to his contention that, because the Court

10  lacks subject matter jurisdiction and Plaintiff lacks a factual claim, it would be unconstitutional

11  to impose sanctions.  (*See* Dkt. No. 176 at 1–4.)  Mr. Bayley appears to argue Plaintiff engaged

12  in fraud by acting outside its regulatory scope to conduct an "unlawful CWA 'enforcement case'

13  to engage in unlawful criminal investigations, seek unlawful judicial action, engage in unlawful

14  discovery, harass Defendants and violate their constitutional rights along with WA's sovereignty,

15  going on five years now." (*Id.* at 6.)  Thus, it would be "cruel and unusual punishment" for the

16  Court to impose sanctions.  (*Id.* at 11.)

17  Plaintiff plead subject matter jurisdiction in its Complaint.  (Dkt. No. 1 at 2) ("The Court

18  has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. §

19  1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.").  Moreover, Mr. Bayley's arguments go to

20  the merits of Plaintiff's CWA claim against Defendants—they do not explain why Mr. Bayley

21  continues to disobey the Court's discovery orders.  Mr. Bayley argues "Defendants are still

22  waiting for their [Motion to Dismiss (Dkt. No. 10)] to receive a 'full and complete ruling' that

23  can only be fulfilled when their unopposed [Motion for Summary Judgment (Dkt. No. 119)]

24

1    receives [] its ruling." (Dkt. No. 176 at 11.)  As the Court has explained to Defendants many

2    times, a pending dispositive motion for summary judgment does not automatically stay

3    discovery.  (*See* Dkt. Nos. 121, 126, 132.)  The Court would like to rule on the merits of Mr.

4    Bayley's arguments; however, his continued discovery misconduct has prevented it from doing

5    so.

6          In his response, Mr. Bayley also argues he has not committed discovery misconduct.  Mr.

7    Bayley claims he fully responded to Plaintiff's discovery requests by stating "not applicable,"

8    because answering required engaging with a "fictional scenario" as Plaintiff's questions involve

9    a "bulkhead replacement where MC and WA both determined there was no discharges in

10   violation of the CWA." (Dkt. No. 176 at 14.)  This argument has no merit as the Court already

11   ruled Defendants' responses of "not applicable" were incomplete and order they fully respond to

12   Plaintiff's discovery requests.  (*See generally* Dkt. No. 121).

13         Mr. Bayley claims his attorney erred at the June 22, 2022 hearing, "due to his confusion

14   remembering the 1000s of pages of documents and responses already provided, as all of the

15   alleged unanswered requests were already 'Asked and Answered.'" (Dkt. No. 176 at 15.)

16   "Acting in good faith, Defendants provided all construction documents relating to the factual and

17   lawfully confirmed bulkhead replacement project that were already provided to MC, federal

18   criminal investigations and directly in discovery responses." (*Id.*)  Mr. Bayley argues

19   "Defendants already answered in discovery responses how contractors were paid who performed

20   the lawfully confirmed bulkhead replacement." (*Id.*)  Based on Defendants' responses submitted

21   to the Court by Plaintiff, Defendants have not responded to Plaintiff's first set of interrogatories

22   related to the persons performing bulkhead construction activities and the equipment used (*see*

23   Dkt. No. 58-1 at 5, 30), nor have they provided payment records (*see id.* at 38, 60).

24

1

Mr. Bayley also argues:

2

3

4

5

Another question for the Court, is if the Plaintiff's attorney perjured herself and engaged more fraud on the court and criminal entrapment of Defendant by misrepresenting to the Court what discovery she was alleging was still lacking from Defendant so that she could set a trap against Defendant. This would and did allow her to tell the Court that the Defendant didn't 'Fully Respond' with providing or offering to provide all of her alleged outstanding discovery demands and move for sanctions against Defendant.

6

(Dkt. No. 176 at 17.)

7

The Court finds Mr. Bayley's allegation of perjury to be misplaced and unwarranted. It

8

appears Mr. Bayley is presenting his argument as a question for the Court to ponder without

9

providing any information or support for his extremely serious suggestion that Plaintiff's counsel

10

is lying about the outstanding discovery. As this allegation is unsubstantiated by Mr. Bayley, the

11

Court does not grant it consideration.

12

Mr. Bayley takes issue with the Court's ruling requiring that he provide his tax returns in

13

discovery prior to the Court determining his liability under the CWA. The Court has already

14

concluded in a prior order (Dkt. No. 121 at 10), it need not enter judgment against Mr. Bayley

15

with respect to CWA liability in order for relevant financial information to be discoverable. *See,*

16

*e.g.*, *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 2014 WL 5093398, at *6 (E.D. Cal.

17

Oct. 9, 2014); *Baykeeper v. Kramer Metals, Inc.,* 2009 WL 10671577, at *2 (C.D. Feb. 27,

18

2009); *Friends of Maha'ulepu, Inc. v. Haw. Dairy Farms, LLC*, 2016 WL 6917283, at *4 (D.

19

Haw. Sept. 2, 2016). Accordingly, Mr. Bayley's arguments are unavailing.

20

**F.  Defendants' Motions for Attorney Fees**

21

Defendants' counsel asks the court to order Plaintiff to pay Defendants' attorney fees

22

incurred in responding to Plaintiff's Motion for Sanctions under Federal Rule of Civil Procedure

23

37(a)(5)(B)-(C). (Dkt. No. 152 at 18.)  In addition, in his individual response, Mr. Bayley

24

requests an award of pro se fees under the Equal Access to Justice Act.  Because Defendants are

not successful in their responses and the Court imposes sanctions against them, they are not

entitled to attorney fees and the Court DENIES both requests.

**IV    CONCLUSION**

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the

remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Sanctions (Dkt.

No. 148) is GRANTED.

1. The Court directs the clerk to strike Defendants' Amended Answer (Dkt. No. 47), dismiss Defendants' counterclaims without prejudice, and enter default against Defendants.

2. Defendants' ability to pay an appropriate CWA penalty will be taken as established.

3. Plaintiff is directed to file a Motion for Default Judgment no later than October 14, 2022.

4. Plaintiff's Motion for Summary Judgment (Dkt. No. 37), Defendants' Motions for Summary Judgment (Dkt. Nos. 55, 119), Plaintiff's Motions to Strike Defendants' Affirmative Defenses (Dkt. No. 59) and Surreply (Dkt. No. 60), and Plaintiff's Motion to Dismiss Counterclaim (Dkt. No. 80) are DENIED as moot.

5. Defendants and John Spencer are order to pay Plaintiff's attorney fees and expenses of $12,833.27.

6. Mr. Spencer and Mr. Constantine's Motions to Withdraw as Counsel for Mr. Bayley (Dkt. Nos. 170, 171), in his individual capacity, are GRANTED.

7. Mr. Bayley's Motion to Remove his Attorneys (Dkt. No. 175), Motion to Stay (Dkt. No. 175-1), and Motion for Leave to File an Overlength Response (Dkt. No. 175-2) are DENIED as moot.

Dated this 19th day of September, 2022.

David G. Estudillo
United States District Judge