UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOAN V. BAYLEY, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:20-cv-05867-DGE<br><br>ORDER ON MOTION FOR RECUSAL |

This is a *pro se* civil rights action against numerous defendants. This matter is before the Court on Defendant Philip N. Bayley's amended motion to recuse Judge David Estudillo (Dkt. No. 289) and Judge Estudillo's order denying and referring the motion to recuse (Dkt. No. 292). Having reviewed Mr. Bayley's motion, Judge Estudillo's order denying the recusal request, Mr. Bayley's reply to Judge Estudillo's order (Dkt. No. 293), Mr. Bayley's Notice of Objections (Dkt. No. 295), and the relevant record, the Court AFFIRMS Judge Estudillo's order denying the motion to recuse.

**I.　BACKGROUND**

On February 15, 2024, Mr. Bayley filed a motion to recuse Judge David Estudillo and

"the entire Western District of Washington active-status Judges." Dkt. No. 289 at 1. On February 20, 2024, Judge Estudillo declined to voluntarily recuse and referred the motion to this Court for decision. *See* Dkt. No. 292 at 5.

## II.   LEGAL STANDARD

Local Civil Rule ("LCR") (3)(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, the judge must direct the court clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify [themselves in any proceeding in which [their] impartiality might reasonably be questioned." The statute further provides that judges must recuse "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." The standard for recusal under both statutes is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal citation omitted); *see also Liteky v. United States*, 510

U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.") (internal citation omitted).

### III. DISCUSSION

As an initial matter, this motion is before this Court because Chief Judge David Estudillo referred the motion pursuant to Local Civil Rule 3(f). Dkt. No. 292 at 5.

In seeking Judge Estudillo's recusal, Mr. Bayley references some comments he heard Judge Estudillo make at a public presentation entitled "Not Lost in Translation: Innovations in Language Access" that was held on February 8, 2024. *See generally* Dkt. Nos. 289, 290. Mr. Bayley states that he heard Judge Estudillo discuss the importance of "effective communication, parties feeling heard and understood, unwavering respect owed to all parties and equal access to justice." Dkt. No. 289 at 2. Yet, Mr. Bayley feels that "the Chief Judge either ignores Defendants' arguments or brushes them off without effectively communicating in a manner that makes the Defendant feel heard, understood, or respected and that their arguments have been fully considered by the Court." *Id.* at 3–4. In particular, Mr. Bayley asserts that Judge Estudillo did not adequately consider Defendants' arguments and authorities. *Id.* at 3; *see also* Dkt. No 293 at 1–2; Dkt. No. 295 at 2. While it is regrettable that Mr. Bayley does not feel adequately heard or understood, his challenge essentially boils down to a disagreement with Judge Estudillo's rationale in his rulings and how he applied the law to the facts in this case. But "a judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939. The basis for recusal generally requires something other than judicial rulings or "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings." *Liteky*, 510 U.S. at 554-56; *accord United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008). "Almost invariably," rather than a basis for recusal, judicial rulings are a basis for appeal. *Id.* at 555.

To the extent Mr. Bayley asserts that comments Judge Estudillo made at the public presentation are an extrajudicial source that revealed a "lack of impartiality between the parties in this case" (Dkt. No. 289 at 1), it is unclear how any of the comments cited by Mr. Bayley in his declaration (Dkt. No. 290)[1] would call into question Judge Estudillo's impartiality in this case, especially since no interpreters appear to be involved in this case at all. *Cf. McTiernan*, 695 F.3d at 891 (stating the standard for determining whether recusal is warranted). Mr. Bayley also asserts that Judge Estudillo "has weaponized his Western Washington District Court and all active status subordinate judges to enact his prejudices." Dkt. No. 289 at 5; *see also* Dkt. No. 295 at 1 (contending that "the entire United States District Court Western District of Washington is compromised, weaponized, and polluted with his prejudices and instructions to his subservient judges to deploy vindictive retaliations"). The only potential example he gives is that Judge Estudillo has "**brag**[ged] **about weaponizing Judge Tana Kim (whom his** [*sic*] **own comments should disqualify her from weighing in on his denial of my motion to recuse him)**." Dkt. No. 293 at 3 (emphasis in original); Dkt. No. 295 at 4 (same). First, Mr. Bayley did not specify the comments "Tana Kim" made that should disqualify her from ruling on the present motion. Second, the undersigned believes Mr. Bayley has referenced her in his statement about "Tana Kim." However, it appears that Mr. Bayley has confused the undersigned judge (Tana Lin) with an interpreter who was a panelist at the public presentation (Eunyoung Kim). *See* Dkt. No. 292 at 3–4. The undersigned did not attend, participate in, or make any comments at the public presentation at issue.

---

[1] No audio or video of the presentation is available, so the Court will accept the accuracy of Mr. Bayley's representations regarding comments made by Judge Estudillo for purposes of this motion to recuse. However, the fact that only small excerpts are included make it difficult to determine if Mr. Bayley's interpretation of the comments are either mistaken or perhaps taken out of context.

ORDER ON MOTION FOR RECUSAL - 4

## IV.  CONCLUSION

Having considered Mr. Bayley's arguments in support of recusal and finding them without merit, this Court AFFIRMS Judge Estudillo's order denying Mr. Bayley's motion to recuse.

Dated this 27th day of February 2024.

Tana Lin
United States District Judge