UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>JOAN V. BAYLEY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:20-cv-05867-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Defendant Philip N. Bayley's motion for reconsideration (Dkt. No. 300) which challenges the Court's Order (Dkt. No. 299) affirming Judge David Estudillo's order declining to recuse himself from this case (Dkt. No. 292).

I.      BRIEF BACKGROUND

On February 27, 2024, the Court affirmed Judge Estudillo's order on the recusal motion. Dkt. No. 298. Shortly after the order was posted to the docket, the Court noticed it had made an error while copying over its standard introductory paragraph, which had resulted in the inclusion of one extraneous, irrelevant sentence at the very beginning of the order. The Court immediately withdrew the earlier order (Dkt. No. 298, "Withdrawn Order") and issued an Amended Order (Dkt. No. 299) which acknowledged the mistake and deleted the extraneous sentence.

On February 29, Mr. Bayley filed a request for reconsideration of both the Withdrawn Order and the Amended Order, stating that the order appears to be "either AI generated or 'copy and pasted' from another case without the Court reading no [sic] addressing the arguments, concerns, and objections of the Defendant in dkt. 289 and 293." Dkt. No. 300 at 1. He asserts that the Court should "read and actually address Defendant's specific arguments in its order" and that it should immediately disqualify the entire Western District of Washington from this case and transfer venue to the Eastern District of Washington. *Id.*

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. Inc.*, 229 F.3d at 883).

## III. ANALYSIS

As a preliminary matter, the Withdrawn Order has been superseded, so the Court bases its analysis on the Amended Order. The Court also acknowledges its own error (indeed created due to a copy-paste issue while attempting to be consistent across rulings). However, the Court does

not use AI to generate its rulings, it diligently reviewed Mr. Bayley's arguments, and it specifically addressed the overarching arguments he raised. Indeed, the mistake demonstrates that judges are humans, too, and sometimes make mistakes. Significantly, the mistake at issue here is a copyediting error, *not* an error in the Court's reasoning or application of the relevant law to the facts presented. *See, e.g.*, *Zalac v. CTX Mortg. Corp.*, No. C12-1474, 2013 WL 12120455, at *1 (W.D. Wash. May 13, 2013) (denying motion for reconsideration where factual errors were merely typos, "and not errors in the Court's understanding of the case or of the record before it").

The standard for granting a motion to reconsider is high, and Mr. Bayley's filing fails to meet that standard. Specifically, he must show either (a) a manifest error in the Court's prior ruling, or (b) new facts or legal authority which he could not have brought before the Court despite reasonable diligence. *See* LCR 7(h)(1). The Court's Amended Order reflects a careful— even deferential, as the Court accepted Mr. Bayley's representations—reading of his recusal motion. Mr. Bayley's grounds for reconsideration are not abundantly clear, but a generous reading of his motion for reconsideration are that he takes issue with the following: (1) the Court's alleged failure to review the exact remarks made by Judge Estudillo on February 8, 2024, at a public presentation entitled "Not Lost in Translation: Innovations in Language Access"; (2) allegedly meritless arguments by the Plaintiff in his case as well as "Plaintiff's use of the Judge as a witness and co-council to make arguments and provide evidence for itself"; (3) Judge Estudillo's decision to not stay the case based on a "recent opinion by the WA Supreme Court directed to Judge David Estudillo"; and (4) "unequal treatment of this poor Defendant versus wealthy Defendants on Lake Sammamish" in another legal case. *See* Dkt. No. 300 at 2. None of these are appropriate bases for granting reconsideration.

First, as the Court has already explained, no audio or video of Judge Estudillo's

presentation is available. *See* Dkt. No. 299 at 4 n.2. For purposes of the recusal motion, the Court accepted the accuracy of Plaintiff's representations of Judge Estudillo's remarks. *Id.* After the Court accepted Mr. Bayley's version of events as true, he "cannot now claim that the Court made manifest errors of fact by restating the facts" as he himself described them. *See Van Buren v. Gee*, No. C22-1563, 2023 WL 2621345, at *3 (N.D. Cal. Mar. 23, 2023) (denying motion seeking to correct manifest factual errors where the Court accepted the movant's version of facts as true in the challenged ruling).

      Second, Mr. Bayley continues to question comments made by Judge Estudillo and raises those comments in support of his belief that the judge failed to adequately consider the arguments and authorities he raised. *See generally* Dkt. No. 300. However, the Court has already reviewed Mr. Bayley's arguments that Judge Estudillo has not adequately considered his authorities and arguments. As noted in the Amended Order, "a judge's prior adverse ruling is not sufficient cause for recusal." *See* Dkt. No. 299 at 3 (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal citation omitted)). A judge's job involves determining which legal authorities have—or don't have—merit or relevance to the case before them; a determination that authorities presented by a particular party have merit does not demonstrate any sort of extrajudicial bias. Indeed, in every case, a court is necessarily accepting as more meritorious some or all of the arguments of the prevailing party while rejecting some or all the arguments of the other parties. The Court did not commit manifest error in finding recusal unwarranted on this ground. The appropriate way to challenge a judge's ruling is through an appeal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal").

      Third, Mr. Bayley refers to "the recent opinion by the WA Supreme Court directed to Judge David Estudillo" (Dkt. No. 300 at 2) but does not provide any citation to the opinion. As

Order Denying Motion for Reconsideration - 4

1  an initial matter, Mr. Bayley does not provide sufficient information for the Court to know with
2  certainty what opinion he references. "Judges are not like pigs, hunting for truffles buried in
3  briefs" or the record. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)
4  (alteration omitted) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see*
5  *also, e.g.*, *In re EPD Inv. Co., LLC*, 595 B.R. 910, 912 (C.D. Cal. 2018) (denying motion for
6  reconsideration where movant did not cite to proof in original briefing). Nevertheless, the Court
7  looked to the record to try and determine what case Mr. Bayley is referencing. It appears that Mr.
8  Bayley may be referencing *King County v. Abernathy,* 541 P.3d 983 (2024), in which the
9  Washington Supreme Court resolved a question that Judge Estudillo certified to it. *See* Dkt. Nos.
10 282, 282-1 (Mr. Bayley's notice of supplemental authority). If Mr. Bayley was referencing the
11 *Abernathy* case, the Court is still left with the fact that he failed to bring this legal authority to the
12 Court's attention in his recusal motion briefing, which makes no mention of any case certified by
13 Judge Estudillo to the Washington Supreme Court. See Dkt. Nos. 289, 290, 293, 295. In
14 addition, the opinion was issued on January 25, 2024—weeks before he filed the recusal motion.
15 Therefore, this is not a new legal authority "which could not have been brought to [the Court's]
16 attention earlier with reasonable diligence." *See* LCR 7(h)(1); *see also Watson v. Moger*, No. 21-
17 35774, 2022 WL 16548010, at *1 (9th Cir. Oct. 31, 2022) (affirming denial of motion for
18 reconsideration where movants could have raised an issue earlier with reasonable diligence but
19 failed to do so as required under LCR 7(h)(1)).[1]

20     Fourth, and similarly, Mr. Bayley has raised a new argument on reconsideration that he
21 could have raised, but failed to raise, in his recusal motion. His briefing on the motion to recuse
22 did not include any references to a case regarding Lake Sammamish. *See* Dkt. Nos. 289, 290,

---

[1] The notice of supplemental authority filed by Mr. Bayley is the subject of various of his motions and responses that are not before the undersigned for consideration. *See* Dkt. No. 282.

ORDER DENYING MOTION FOR RECONSIDERATION - 5

293, 295. Moreover, based on the scant facts presented in his motion for reconsideration, the Court is unable to determine whether Mr. Bayley is poor in comparison to the defendants in this other case, or whether he was treated differently than they were.

### IV.    CONCLUSION

For the reasons provided, Defendant's motion for reconsideration (Dkt. No. 300) is DENIED.

Dated this 5th day of March 2024.

Tana Lin
United States District Judge