UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOAN V. BAYLEY,

Defendants.

CASE NO. 3:20-cv-05867-DGE

ORDER ON MOTION TO VACATE ORDER OF DEFAULT JUDGMENT (DKT. NO. 334)

Before the Court is Defendants' motion to vacate the entry of default judgment (Dkt. No. 334), which was first entered on April 26, 2023.[1] (*See* Dkt. No. 205.) In their motion, Defendants request the Court (1) vacate the default judgment as void under Federal Rules of

[1] The motions and additional filings raise questions as to whether Mr. Philip Bayley or attorney Christopher Constantine is asserting arguments on behalf of all Defendants. Dkt. Nos. 334 through 337 were all electronically filed by Mr. Bayley and not by Mr. Constantine. In addition, the word count certification in Dkt. No. 334 at page 17 is signed by Mr. Bayley alone, as are the filings submitted at Dkt. Nos. 335, 336, and 337. Based the rulings made in this order, the Court does not expect any additional filings in this case. However, any filings in this matter going forward that purport to be made on behalf of all Defendants will be stricken if not filed and signed by an attorney of record.

Civil Procedure 60(b)(4) and 60(d)(3); (2) in the alternative, grant relief under Rule 60(b)(6) for extraordinary circumstances and manifest injustice; and (3) dismiss the action with prejudice or for lack of Article III standing. (Dkt, No. 334 at 2.) The Court has reviewed Defendants' motion and the underlying record.[2] For the reasons that follow, Defendants' motion to vacate (Dkt. No. 334) is DENIED.

## I FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the facts underlying this lawsuit. Relevant here, default judgment was entered against Defendants on April 26, 2023 after protracted litigation between the Parties and flagrant discovery abuses by Defendants. (Dkt. Nos. 182 at 24 (describing Defendants' discovery conduct); 205 (entering motion for default judgment).) Since then, Defendants have endeavored to challenge the entry of default judgment through a variety of motions and by appeal. Recently, the Ninth Circuit affirmed the order granting default judgment (Dkt. Nos. 326, 327) and the Supreme Court denied Defendants' petition for a writ of certiorari (Dkt. No. 329).

In their motion to vacate, Defendants raise a slew of reasons why the 2023 entry of default was void.[3] First, Defendants contend the complaint's reference to "'ongoing injuries to

---

[2] Defendants also moved under Federal Rile of Civil Procedure 1 for an order directing Plaintiff to file a response to the motion to vacate. (Dkt. No. 336.) The Court has previously ordered that Plaintiff is not required to respond to post-judgment motions filed by Defendants unless ordered to do so. (*See* Dkt. No. 320 at 9.) Defendants argue that "[f]ull adversarial briefing" on their motion will assist the Court on resolving the "significant constitutional and jurisdictional issues" presented in their motion. (Dkt. No. 336 at 2.) As the Court will explain, Defendants' Rule 60 motion is without merit. Accordingly, the request for an order directing Plaintiff to respond is DENIED.

[3] The Court previously denied Defendants' motion to file overlength brief. (*See* Dkt. No. 331.) Defendants proceeded to file a motion to vacate that complies with the 4,200-word limit but attached the overlength version as an exhibit to their motion and request the Court review this version. (Dkt. Nos. 334 at 1; 334-3.) The Court did not authorize Defendants to file this

the aquatic environment of Hood Canal'" did not identify a concrete, particularized, actual, or imminent injury to the water quality sufficient to raise Article III standing. (Dkt. No. 334 at 7) (citation omitted). They argue the major questions doctrine and the intelligible principle doctrine foreclose Plaintiff's reliance on agency interpretations of the Clean Water Act ("CWA") in pursuing enforcement action against Defendants. (*Id.* at 9–10.) Defendants further assert Plaintiff obtained the default judgment "through conduct that corrupted the judicial process itself" by relying on a factual narrative regarding the reconstruction of the bulkhead on Defendants' property that was apparently false and by making factual misrepresentations in its appellate briefing. (*Id.* at 13–14.) Finally, Defendants argue extraordinary circumstances that have "completely undermined the factual and legal foundations of both the Complaint and the default judgment" warrant relief under Rule 60(b)(6). (*Id.* at 14–16.)

## II LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *see also* Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. The list of "infirmities" that would render a judgment void is "exceedingly short"; for example, a judgment is not void "'simply because it is or may have been erroneous[,]'" and a Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Id.* at 270 (citation omitted). In short, "[f]ederal courts considering Rule 60(b)(4) motions that assert a

---

"complete" version of their motion and accordingly this order relies only the version that is consistent with Local Civil Rule 7(e)(3).

judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* at 271 (citation omitted).

Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Parties moving "for relief under Rule 60(d)(3) . . . must show fraud *on the court*, rather than the lower showing required for relief [from fraud] under Rule 60(b)(3)." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017), *cert. denied*, 585 U.S. 1016 (2018) (emphasis added). This is a "demanding" standard, *United States v. Beggerly*, 524 U.S. 38, 47 (1998); consequently, Rule 60(d)(3) "places a high burden on [the party] seeking relief from a judgment based on fraud on the court[.]" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006). The party seeking relief must prove fraud on the court by clear and convincing evidence. *United States v. Est. of Stonehill*, 660 F.3d 415, 443–444 (9th Cir. 2011) (citation omitted). "A fraud on the court claim must be pled with particularity under Federal Rule of Civil Procedure 9(b)." *Zagorsky-Beaudoin v. Rhino Ent. Co.*, Case No. CV-18-03031-PHX-JAT, 2019 WL 5960084, at *4 (D. Ariz. Nov. 12, 2019).

Under Rule 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief." The Ninth Circuit has stated that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal citations and quotation marks omitted). Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863

n.11 (1988). The rule should only be invoked "where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine Land & Reservoir Co.*, 984 F.3d 1047, 1049 (9th Cir. 1993).

## III DISCUSSION

### A. Rule 60(b)(4)

Defendants first argue Plaintiff failed to establish Article III standing because it only alleged "vague 'ongoing injuries to the aquatic environment of Hood Canal[.]'" (Dkt. No. 334 at 8–9) (citation omitted). To establish Article III standing, a plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted and cleaned up)). The injury must be "'fairly traceable to the challenged action of the defendant[.]'" *Lujan*, 504 U.S. at 560 (citation omitted and cleaned up). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "A lack of constitutional standing 'requires dismissal for lack of subject matter jurisdiction,' whereas a 'lack of statutory standing requires dismissal for failure to state a claim.'" *Esquivel v. Fresno Cnty. Dep't of Soc. Servs.*, Case No. 22-16975, 2023 WL 8014223, at *1 (9th Cir. Nov. 20, 2023) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)) (emphasis omitted in *Esquivel*).

Defendants have not met their burden to prove that the judgment was "premised on . . . a certain type of jurisdictional error" and that the Court "lacked even an 'arguable basis' for jurisdiction." *Espinosa*, 559 U.S. at 271 (citation omitted). In its order granting default judgment to Plaintiff, the Court established that it had subject matter jurisdiction over Plaintiff's

CWA claims. (Dkt. No. 205 at 7) (citing Dkt. No. 204). The Court also established it had subject matter jurisdiction over Plaintiff's fraudulent/voidable transfer and wrongful distribution of assets claims brought under 28 U.S.C. § 3304 and 31 U.S.C. § 3713, "as both raise a federal question." (Dkt. No. 205 at 7.) Finally, the Court noted, "[d]istrict courts have original jurisdiction over 'all civil actions, suits or proceedings commenced by the United States, or by any [United States] agency' and over 'any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture . . . incurred under any Act of Congress.'" (*Id.* at 7–8) (quoting 28 U.S.C. §§ 1345; 1355(a)). In sum, as the Court has already explained, it has subject matter jurisdiction over Plaintiff's CWA claims—which provides more than an "'arguable basis'" for jurisdiction. *Espinosa*, 559 U.S. at 271 (citation omitted); *see also Hoffman v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) ("[T]he scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported."). Defendants' motion to vacate on Rule 60(b)(4) grounds is denied.[4]

**B. Rule 60(d)(3)**

Defendants next argue Plaintiff obtained the default judgment "through conduct that corrupted the judicial process itself." (Dkt. No. 334 at 13.) Specifically, Defendants argue that Plaintiff's factual narrative that the reconstruction of the bulkhead on Defendants' property affected regulated waters under the CWA was "materially undermine[d]" by later record

[4] Defendants separately argue relief is required because (1) the major questions doctrine and the intelligible principle doctrine preclude reliance on agency interpretation of the CWA; (2) Plaintiff's post-judgment "admission" that the CWA should not be used to circumvent state environmental decisions is contrary to its litigation position; and (3) a civil penalty does not by itself satisfy the Article III standing requirement. (Dkt. No. 334 at 9–13.) These arguments also do not call into question the Court's jurisdiction and are therefore unpersuasive.

evidence and that Plaintiff's appellate filing included misrepresentations and "withheld factual information[.]" (*Id.* at 13–14.)

Fraud on the court under Rule 60(d)(3) should "'embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases[.]'" *In re Lavender*, 180 F.3d 1114, 1119 (9th Cir. 1999) (citation omitted). Aside from generally suggesting that Plaintiff misconstrued facts at the district court and appellate levels, Defendants have not explained how these actions have prevented the Court from performing its adjudicative duties, nor how the actions of Plaintiff constitute an attempt to defile the Court itself. Moreover, Defendants fail to address the reasons Defendants were defaulted; namely, their flagrant discovery abuses. Accordingly, Defendants have not met the "demanding" standard to prove fraud by clear and convincing evidence. *Beggerly*, 524 U.S. at 47; *Est. of Stonehill*, 660 F.3d at 443–444.

**C. Rule 60(b)(6)**

Finally, Defendants invoke the catch-all provision of Rule 60(b)(6) to argue that the Court should vacate the default judgment "for extraordinary circumstances where continued enforcement would work manifest injustice." (Dkt. No. 334 at 14–16.) Defendants argue the default judgment was entered while "pure questions of law central to the case" remained unresolved. (*Id.* at 14–15.) But as the Court explained in its orders granting Plaintiff's motions for sanctions and default judgment, the Court was "prevented from considering the merits of this case because Defendants have repeatedly failed to respond to Plaintiff's discovery requests[.]" (*See* Dkt. Nos. 182 at 2–8; 205 at 4.) The Court's grant of default judgment—rather than deciding the case on the merits—was due to Defendants' continued discovery abuses, which in

the Court's mind, cuts against the argument that Defendants suffered some "'manifest injustice'" in having the default judgment entered. *Delay*, 475 F.3d at 1044 (citations omitted). Defendants have not presented proof that "extraordinary circumstances" prevented them from taking timely action or correcting an erroneous judgment; therefore, Defendants' request for relief under Rule 60(b)(6) is denied. *Alpine Land*, 984 F.3d at 1049.

## IV CONCLUSION

Having considered Defendants' motion to vacate (Dkt. No. 334), the supporting evidence and declarations, and the remainder of the record, Defendants' motion to vacate is DENIED. Defendants' motion requesting an order that Plaintiff respond to the motion to vacate (Dkt. No. 336) is likewise DENIED. This case remains closed.

Dated this 28th day of July 2026.

David G. Estudillo
United States District Judge